## UNITED STATES v. ONE FORD AUTOMOBILE TRUCK.

### SAME v. ONE PAIGE SEVEN-PASSENGER TOURING AUTOMOBILE (MILLER, Claimant).

(District Court, W. D. Washington, N. D.   January 12, 1923.)

Nos. 6117, 6677.

**1. Internal revenue ⊕⇒46—Taxed articles "removed" with intent to defraud United States of tax.**

The word "removed," in Rev. St. § 3450 (Comp. St. § 6352), providing that, in case any commodity in respect to which a tax is imposed "are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax," it shall be forfeited, together with any conveyance, etc., used in such removal, deposit, or concealment, construed in connection with other provisions of the same statute, has reference to removal from particular specified places designated by law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remove—Removal.]

**2. Internal revenue ⊕⇒46—Vehicle not subject to forfeiture because driver has on his person drugs subject to unpaid tax.**

The fact that the driver of an automobile had on his person narcotic drugs on which the internal revenue tax had not been paid *held* not to subject the automobile to forfeiture, under Rev. St. § 3450 (Comp. St. § 6352).

Libels of information by the United States against one Ford automobile truck, model 3–8–21, engine No. 4850087, license No. Wash. 220829, and against one Paige seven-passenger touring automobile, engine No. 10–D85135, license No. Wash. 175964 of 1922 (L. A. Miller, claimant). Libels dismissed.

Thomas P. Revelle, U. S. Atty., and Judson F. Falknor and C. E. Hughes, Asst. U. S. Attys., all of Seattle, Wash.

Walter Metzenbaum, of Seattle, Wash., for Ford truck, in No. 6117.

Grinstead & Laube and Thomas E. Davis, both of Seattle, Wash., for Miller, in No. 6677.

CUSHMAN, District Judge. The libels of information in the above-entitled causes pray forfeiture, condemnation, and sale of the above-described automobiles because, as alleged in cause No. 6117:

"Said Ford automobile truck * * * was used in the removal and for the deposit and concealment of goods and commodities, to wit, morphine, on which the internal revenue tax imposed by law upon such morphine had not been paid, with intent then and there to defraud the United States of the said tax or some part thereof."

And in cause No. 6677:

"Said Paige automobile * * * was then and there being used * * * in the removal of a commodity, * * * namely, cocaine, * * * with the intent * * * to defraud the United States of America of such tax, * * * and being used * * * in the concealment of * * * cocaine, * * * with intent * * * to defraud the United States of America of such tax. * * *"

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

These causes, by consent and stipulation of counsel, were tried to the court without a jury. The evidence showed that the drugs were carried upon the person of the individuals driving the automobiles.

[1, 2] The section under which the informations are drawn is section 3450, R. S. (3 Fed. Stats. Ann. p. 795; section 6352, Comp. Stats.), being section 14 of the Act of July 13, 1866 (14 Stat. p. 151); the language used in that section being (the italics are those of the court):

"And be it further enacted, that in case any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities shall be *removed*, or shall be deposited or concealed *in any place,* with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively shall be forfeited; and in every such case, and *in every case where any goods or commodities shall be forfeited* under this act, or any other act of Congress relating to the internal revenue, *all and singular the casks,* vessels, cases or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, *and every vessel, boat, cart, carriage, or other conveyance whatsoever* and all *horses* or other animals, *and all things used in the removal or for the deposit or concealment thereof,* respectively, shall be forfeited; and every person who shall *remove,* deposit, or conceal, or be concerned in *removing,* depositing or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not exceeding five hundred dollars."

The narcotics described in these informations were not in any sense "concealed" in the automobile, but they were "concealed" upon the person of the driver, as would be a "concealed" weapon. The automobile was not the place of "deposit" of the narcotics in either case, but the narcotics were placed or "deposited" in the pocket of the driver and he then got into the automobile. No fair construction of the word "deposit" would describe such an act.

The information charges, not only the use of the automobile for the "concealment" and "deposit" of the narcotic, but in its "removal." There are two meanings to the word "removed"—one:

"To move away from the position occupied." South v. Com'rs of Sinking Fund, 86 Ky. 190, 5 S. W. 569.

The other meaning is:

"To change place in any manner; to go from one place to another." First Soc. of Waterbury v. Platt, 12 Conn. 186; 3 Bouvier's Law Dictionary, 2880.

The question for consideration is: In which sense is the word "removed" used in this statute? If used in the latter sense, the offense is sufficiently charged and proven. If used in the former sense, if it is sufficiently charged in the information, it has not been sufficiently proven. While an expression originally used in one statute, when repeated in a later statute covering the same subject-matter, has not, necessarily, the same meaning in the latter that it had in the former, yet there is a strong presumption that it was so used. To determine this question, it is appropriate, if not necessary, to examine statutes in pari materia.

The words "removed," "removal," and "removing," in a similar connection, appear to have been first used by Congress in the Act of March 3, 1791 (1 Stat. 199, at page 203). This act provides that the "duties" on spirits shall be "paid or secured previous to the *removal* thereof from the distilleries." Section 17. If paid "previous to such removal," there was provision for abatement of duty of two cents for every ten gallons. Provision was made for a bond to secure payment upon all "spirits as shall be *removed* from such distillery." The casks were, "previous to the *removal* of said spirits," required to be branded. Entries in books of the distiller were required to show "all the spirits distilled *at such distillery, and removed* from the same  *  *  *  and the *places* to which *removed.*" Section 19. It was further provided:

"And if any of the said spirits shall be *removed from any such distillery* without having been branded or marked as aforesaid, or without such certificate as aforesaid, the same, together with the cask or casks containing, and the horses or cattle, with the carriages, their harness and tackling, and the vessel or boat with its tackle and apparel employed in *removing* them, shall be forfeited, and may be seized by any officer of inspection. And the superintendent or manager of *such distillery,* shall also forfeit the full value of the spirits so *removed,* to be computed at the highest price of the like spirits in the market.  *  *  *  That no spirits *shall be removed from any such distillery* at any other times than between sun rising and sun setting.  *  *  *"  Section 19, at page 204.

Section 3 of the Act of July 13, 1866 (14 Stat. p. 98), provides that the Commissioner of Internal Revenue shall designate a *place* where cotton may be brought for the purpose of being weighed and marked. Section 4 provides that, after the same has been marked and permits issued, it "may be *removed* from the *district* in which it has been produced to any one other *district,* without prepayment of the tax." Section 5 prohibits the *removal* of such cotton from any *point* in the district *where it is produced* without a permit and provides for the forfeiture of vessels and vehicles employed in such *removal.*

The Act of 1866 further provides for the seizure and forfeiture of—

"all goods, wares, merchandise, articles, or objects, on which taxes are imposed by the provisions of law, which shall be found in the possession, or custody, or within the control of any person or persons for the purpose of being sold or *removed* by such person or persons in fraud of the internal revenue laws."  Section 9, at page 111.

"And in case of the *removal* of any person or persons from the *house or premises for which any trade, business, or profession was taxed,* it shall be lawful for the person or persons so *removing* to any other *place to carry on the trade,* business, or profession specified in the tax receipt at the *place* to which such person or persons may *remove* without payment of any additional tax: Provided, that all cases of death, change, or *removal* as aforesaid, shall be registered.  *  *  *"  Section 9, at page 114.

The act further provides that the manufacturer of tobacco, snuff, or cigars—

"Shall keep in book form an accurate account of  *  *  *  the quantity of tobacco, snuff, snuff flour, or cigars, of whatever description, manufactured, sold, consumed, or *removed* for consumption or sale or *removed* from the *place of manufacture.*  *  *  *"  Section 9 at page 124.

It is provided that the tax imposed upon the manufacturer of tobacco, snuff and cigars—

"shall be held to accrue upon the sale or *removal from the place of manufacture*, unless *removed to a bonded warehouse*: Provided further, that manufactured tobacco, snuff, or cigars, whether of domestic manufacture or imported, may be *transferred*, without payment of the tax, *to a bonded warehouse,* * * * and may be *withdrawn from bonded warehouse* for consumption on payment of the tax, or *removed* for export to *a foreign country* without payment of tax, in conformity with the provisions of law relating to the *removal* of distilled spirits." Section 9 at page 125.

The purchaser from a manufacturer is required to pay the tax on such cigars within 15 days from purchasing them "unless *removed to a bonded warehouse*," payment to be made the "collector of the district *wherein they were manufactured,* and before the same have been *removed.*" Section 9, page 127.

The act, in making general regulations for the manufacture of articles taxed, contains this proviso:

"That whenever a *producer or manufacturer* shall use or consume, or shall *remove for consumption* or use, any articles, goods, wares or merchandise, which, if *removed for sale*, would be liable to taxation, he shall be assessed for the tax upon the articles, goods, wares, or merchandise so used, or so *removed* for consumption or use" (section 9, at page 127), "upon which a duty or tax is imposed by law, as enumerated and mentioned in Schedule C, without affixing thereto an adhesive stamp or label denoting the tax before mentioned, he or they shall incur a penalty of fifty dollars for every omission to affix such stamp" (section 9 at page 144).

### Regulating the business of distilling, the act provides:

"Any person who shall manufacture any still, boiler, or other vessel, to be used for the purpose of distilling, shall, before the same is *removed from the place of manufacture*, notify the collector where such still, boiler, or other vessel is to be used or sent." Section 25, at page 154.

Section 27 (page 155) requires the *owner of the distillery* to provide at his own expense a *warehouse or room in a suitable building* for the storage of bonded spirits, the requirements of which provide that:

"No door, window, or other opening shall be made or permitted in the walls thereof, leading to any other room or building used for any other purpose, or into the distillery; * * *. and the tax on the spirit stored in such warehouse shall be paid *before removal from such warehouse*, unless *removed* in pursuance of law: * * * Provided, that any article *manufactured in a bonded warehouse* * * * and located in any of the Atlantic States, *may be removed therefrom* for transportation to a *customs bonded warehouse* at any port on the Pacific Coast of the United States." Section 28, at page 155.

In prescribing the duties of inspectors, the act provides:

"Such inspector shall receive such fee as may be prescribed by the commissioner of internal revenue for each and every proof gallon of distilled spirits inspected by him and *removed to the bonded warehouse*: * * * Provided, that the *owner*, * * * who * * * shall distill or *remove* any spirits in the absence of the acting inspector or assistant, without permission granted by the collector of the district, shall forfeit and pay double the amount of taxes on the spirits so produced, distilled, or *removed*: * * * Provided further, that *any person* who shall ship, transport, or *remove* any spirituous or fermented liquors or wines, under *any other than the proper name* or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same, or who shall cause the same to be done, shall forfeit the same, and shall, on conviction thereof, be subject to and pay a fine of five hundred dollars." Section 29 at page 156.

Section 34, providing for the storage of liquors in cisterns, provides:

"And on the third day after the spirits are conveyed into such cisterns the same shall be  *  *  *  removed directly to the bonded warehouse before mentioned." Page 158.

Section 38 provides:

"And be it further enacted, that all spirits distilled shall, before the same are removed to the bonded warehouse, be inspected, gauged, and proved by the inspector appointed for that purpose, after the same has [have] been drawn into casks or packages." Page 159.

Section 40 provides:

"And be it further enacted, that any distilled spirits which have been inspected, gauged, proved, and marked by the inspector, according to the provisions of law, may be removed without the payment of tax from the bonded warehouse owned by the distiller  *  *  *  and may be transported to any general bonded warehouse used for the storage of distilled spirits, established under the internal revenue laws and regulations, after having been branded as follows:  *  *  *  Provided, that any distilled spirits may be withdrawn from a bonded warehouse, after having been inspected and gauged by the proper officer, and after the payment to the collector of internal revenue for the district in which the warehouse is situated of the tax imposed by law; and when so delivered, shall be branded 'U. S. Bonded Warehouse, Tax Paid'; or may be removed from said warehouse without the payment of the tax for the purpose of being exported  *  *  *  after the quantity and proof of the spirits to be removed have been ascertained and inspected as required by law,  *  *  *  but such removal of bonded spirits for the purpose of being rectified, redistilled, or put into other packages, shall be allowed but once on the same spirits; and all spirits so removed for redistillation, rectification, or change of package, shall be returned to the same warehouse, and shall again be inspected.  *  *  *  And upon spirits removed under bond  *  *  *  the duty upon such allowance shall be paid.  *  *  *" At pages 160 and 161.

Section 45:

"That any person who shall remove any distilled spirits from the place where the same are distilled, otherwise than into a bonded warehouse as provided by law, shall be liable to a fine.  *  *  *  All distilled spirits so removed, and all distilled spirits found elsewhere than in a bonded warehouse, not having been removed from such warehouse according to law, and the tax imposed by law on the same not having been paid, shall be forfeited to the United States.  *  *  *  And any person who shall aid or abet in the removal of distilled spirits from any distillery otherwise than to a bonded warehouse as provided by law, or shall aid in the concealment of such spirits so removed, shall be liable  *  *  *  to a fine.  *  *  *  And any person who shall remove, or shall aid or abet in the removal of any distilled spirits from any bonded warehouse, other than is allowed by law, shall be liable to a fine.  *  *  *" At page 163.

Section 46 requires brewers, before commencing business, to give notice to assessors, stating, among other things, the location of the premises upon which the brewery is situated.

Section 49 requires brewers to make certain entries from day to day in their books, among which they are required to describe the number of barrels and fractional parts of barrels made and also removed for consumption or sale and to render a statement to the assessor of the quantity "sold or removed for consumption or sale" for the preceding month and, in the form of oath prescribed for brewers' verification of their books, they are required to swear as to the "quan-

tity removed from the brewery owned by —————— in the county of ————."

Section 54 makes provision for penalties in the operation of breweries and contains the following:

"And provided further, that brewers may *remove* malt liquors of their own manufacture *from their breweries or other place of manufacture to a warehouse* * * * without affixing the proper stamp or stamps, but shall affix the same upon such liquor when sold or *removed from such warehouse or other place of storage.* But when the manufacturer of any ale or porter manufactures the same *in one collection district,* and owns, occupies, or hires a *depot or warehouse* for the storage and sale of such ale or porter *in another collection district,* he may, without affixing the stamps on the casks at the brewery, as herein provided for, *remove or transport,* or cause to be *removed or transported,* said ale or porter, in quantities not less than one hundred barrels at a time, under a permit from the collector of the *district wherein said ale or porter is manufactured,* to *said depot or warehouse,* but to no other place, under such rules and regulations as the Commissioner of Internal Revenue may prescribe, and thereafter the manufacturer of the ale or porter *so removed* shall stamp the same when it *leaves such depot or warehouse.* * * * That where fermented liquor has become sour or damaged, * * * brewers * * * *may remove the same.* * * * " At pages 166 and 167.

Section 55:

"And be it further enacted, that every brewer shall mark * * * upon every hogshead * * * before it is sold or *removed from the brewery,* or *brewery warehouse, or other place of manufacture,* the name of the person, firm, or corporation by whom such liquor was manufactured, and the *place* where the *same shall have been made.* * * * "

Section 57:

"And be it further enacted, that the ownership or possession by any person of any fermented liquor after its sale or *removal from brewery or warehouse,* or *other place where it was made,* upon which the tax required shall not have been paid, shall render the same liable to seizure wherever found, and to forfeiture; and that the want of the proper stamp or stamps upon any hogshead, barrel, keg, or other vessel in which fermented liquor may be contained after its sale or *removal from the brewery where the same was made, or warehouse as aforesaid,* shall be notice to all persons that the tax has not been paid thereon, and shall be prima facie evidence of the nonpayment thereof." At page 167.

The foregoing statutes show that the word "removed," as used in section 14, has reference to removal from particular, specified places designated by law. These statutes clearly show the character of places meant, and the fact that they were not again enumerated in section 14 of the Act of July 13, 1866, probably arises out of the fact that it was a general section, meant to cover illegal removals from all the places mentioned in the several sections of the act. In all of the foregoing excerpts from the statutes, where these words are used, there only appears to be one in which the word "removed" may, possibly, have been used without reference to the designated place; that is, at page 156 (section 29), where the following language occurs:

"Provided further, that *any person* who shall ship, transport or *remove* any spirituous or fermented liquors or wines, under *any other than the proper name* or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same, or who shall cause the same to be done, shall forfeit the same, and shall, on conviction thereof, be subject to and pay a fine of five hundred dollars."

286 F.—14

The change in meaning, if any, of the word "removed" as here used, arises from the fact of its association with the words "shipped" and "transported," thereby giving it the second meaning given by Bouvier's Law Dictionary (volume 3, p. 2880):

"To change place in any manner; to go from one place to another."

It will be noted that section 14 of the act first provides for the forfeiture of taxable goods and commodities, and the materials, utensils and vessels used in their making, when they have been "removed" with intent to defraud the United States. Following this part of the section and preceding that part of the section applicable to the present case, upon which the forfeiture, if any, must be based, is the following language:

"And in every case where any goods or commodities shall be forfeited under this act, or any other act of Congress relating to the internal revenue."

Following the foregoing is found the provision under which forfeiture is herein asked, which is as follows:

"All and singular the casks, * * * and every vessel, boat, cart, carriage, or other conveyance whatsoever, * * * and all things used in the removal or for the deposit or concealment thereof, * * * shall be forfeited."

In view of this language, there may be serious question whether forfeiture of the vehicle used in removal of taxable goods or commodities, in the absence of the prior seizure and forfeiture of such goods and commodities, could be had.

Section 1005 of the Act of November 23, 1921 (chapter 136, 42 Stat. p. 300), in part provides:

"That all unstamped packages of the aforesaid drugs found in the possession of any person, except as herein provided, shall be subject to seizure and forfeiture, and all the provisions of existing internal revenue laws relating to searches, seizures, and forfeitures of unstamped articles are hereby extended to and made to apply to the articles taxed under this act and the persons upon whom these taxes are imposed."

It has been argued that, this language being in the later act, which specifically provides for the regulation of the traffic in narcotics, but which provides, alone, for the forfeiture of the unstamped drug, saying nothing of vehicles or other things used in its transportation, section 14 of the Act of 1866, supra, has no application.

The two foregoing contentions, on account of the conclusion already reached, it is not deemed necessary to determine.

The forfeiture will be denied. Information dismissed.