## UNITED STATES v. ONE KISSEL TOURING AUTOMOBILE (SAN FRANCISCO SECURITIES CORPORATION, Claimant).

(District Court, D. Arizona. May 9, 1923.)

No. L-336.

1. **Internal revenue �köƐ46—Words "removal" and "removed," in forfeiture statute, not synonymous with "transportation" or "transported."**

In Rev. St. § 3450 (Comp. St. § 6352), forfeiting vehicles used in the removal or for the deposit or concealment of any article on which a tax is imposed, with intent to defraud the government of such tax, the words "removal" and "removed" are not synonymous with "transportation" or "transported," but have reference to the removal from some definite place, where the tax imposed is due and where it should be paid, before the taxed articles are taken therefrom.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remove–Removal; Transport—Transportation.]

2. **Internal revenue ⊃46—To forfeit automobile, articles concealed therein must have been concealed with intent to defraud government.**

Under Rev. St. § 3450 (Comp. St. § 6352), forfeiting vehicles used in the removal or for the deposit or concealment of any article on which

⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a tax is imposed with intent to defraud the government of such tax, *held* that, to warrant the forfeiture of an automobile for deposit or concealment of drugs therein, they must have been so deposited or concealed with intent to defraud the government of the tax imposed on them, and the burden of showing such intent is on the government.

**3. Internal revenue ☞46—Automobile used to transport unstamped cocaine to customers not forfeitable, as used· with intent to defraud government of tax.**

Where one unlawfully dealing with narcotics used an automobile to transport himself and the narcotics, cocaine capsules, on his person, and he was· neither importer, manufacturer, producer, or compounder of the drugs, nor connected with any of them, and tax on the cocaine was not due from him, nor would he have been permitted to pay it, and apparently his concealment of the drugs was due to the unlawfulness of his business, rather than to the fact that he was trying to evade the payment of the tax, which was only one cent on each capsule, *held*, that the automobile was not forfeitable under Rev. St. § 3450 (Comp. St. § 6352), as used for the deposit or concealment of a taxable article with intent to defraud the government of the tax, as no such intent appeared.

Libel by the United States against one Kissel touring automobile, claimed by the San Francisco Securities Corporation. Libel dismissed.

Frederick H. Bernard, U. S. Atty., of Phœnix, Ariz., and John W. Walker, Asst. U. S. Atty., of Tucson, Ariz.

Kingan, Campbell & Conner, of Tucson, Ariz., for claimant.

DOOLING, District Judge. One P. P. Means was arrested while in an automobile of the value of $1,400, when about to deliver unlawfully an unstamped capsule containing one grain of cocaine, which he had transported in the automobile to the place of delivery. The cocaine and automobile were seized and Means was arrested. Upon indictment for the unlawful dealing in narcotics, he pleaded guilty and was sentenced to jail. The government then filed this libel, asking that the automobile be forfeited under section 3450, R. S. (Comp. St. § 6352), for the reason that Means used it in removing the unstamped cocaine with intent to defraud the government of the taxes then and there imposed by law thereon, and also as a place of deposit and concealment with the same intent.

·The taxes in question amounted to one cent, being the tax imposed by the Harrison Act of one cent an ounce or fraction thereof, to be paid by the importer, manufacturer, producer, or compounder, and to be represented by appropriate stamps affixed to the bottle or other container. The automobile belongs to San Francisco Securities Corporation, and was in the possession of Means under a conditional sale contract upon which the sum of $866 is still due. Means was engaged in the unlawful business of selling narcotics, and had already, on the day of his arrest, delivered two similar capsules, transporting them in the automobile to the place of delivery. In each instance the capsules were concealed on the person of Means, he being within the automobile.

[1] Section 3450, R. S., declares forfeited any vehicle used in the removal, or for the deposit or concealment of any article upon which

a tax is imposed, when such vehicle is so used with intent to defraud the United States of such tax. The effect of this statute in a case identical with the present one was considered by Judge Cushman in the cases of U. S. v. One Ford Truck and U. S. v. One Touring Car (D. C.) 286 Fed. 204. He held that the words "removal" and "removed," as used in section 3450, are not synonymous with "transportation" or "transported," but have reference to the removal from some definite place, where the tax imposed is due and where it should be paid, before the taxed articles are taken therefrom. With this construction of the statute I entirely agree, and there is nothing in the facts of this case to show such removal. He also held that the unstamped drugs when in the pocket of the driver of the automobile were neither deposited nor concealed in the automobile within the meaning of the statute; his decision in that regard being as follows:

"The narcotics described in these informations were not in any sense 'concealed' in the automobile, but they were 'concealed' upon the person of the driver, as would be a 'concealed' weapon. The automobile was not the place of 'deposit' of the narcotics in either case, but the narcotics were placed or 'deposited' in the pocket of the driver, and he then got into the automobile. No fair construction of the word 'deposit' would describe such an act."

[2, 3] I am not sure that, being "concealed" and "deposited" in the pocket of the driver, he being in the automobile, the narcotics may not well be said to be concealed and deposited in the automobile as well. But it requires more to warrant the forfeiture of the automobile than the deposit or concealment of the drugs therein. They must be so deposited or concealed with intent to defraud the United States of the tax imposed on them, and the burden is upon the government to show that such was the intent. Means, the driver of the car, was so far as appears, neither importer, manufacturer, producer, or compounder of the drugs, nor connected in any way with any of them. The tax was not due from him, nor would he have been permitted to pay it. His possession of the drugs was unlawful, and if he disclosed such possession for the purpose of offering to pay the tax, he would subject himself to arrest and the drugs and automobile to seizure. His concealment of the drugs is to be attributed, in my judgment, to the fact that he knew that he was engaged in an unlawful business, rather than to the fact that he was trying to evade the payment of a tax of one cent. It should be a clear case which would warrant the forfeiture of an automobile valued at $1,400, and belonging to one not connected with the transaction, for the failure on the part of some one unknown to pay to the government a one cent tax.

The difficulties of cases like the present would be obviated if Congress would make the vehicle subject to forfeiture for the transportation therein of narcotics upon which the tax had not been paid. But Congress has not so done, and the trouble here arises from an endeavor to fit a law passed in 1866 to delinquencies created by the Harrison Act over 50 years later. Nothing stated herein applies or is intended to apply to forfeitures, under the National Prohibition Act (41 Stat. 305), for the unlawful transportation of intoxicating liquor.

The libel will be dismissed.