## UNITED STATES v. ONE STUDEBAKER AUTOMOBILE.

(District Court, S. D. Texas, at Galveston.    April 17, 1924.)

### D. L. 767.

**Internal revenue ⬤⇒46—Automobile used for transportation of narcotics to effect illegal sale not subject to forfeiture.**

> Rev. St. § 3450 (Comp. St. § 6352), providing for forfeiture of vehicles used in the removal or for the deposit or concealment of any article on which a tax is imposed with intent to defraud the government of such tax, cannot be construed to cover mere unlawful transportation, and does not authorize forfeiture of an automobile used merely for transportation for the purpose of effecting an illegal sale of narcotics.

Libel·for forfeiture. Suit by the United States against one Studebaker automobile; Shearn Moody, claimant, intervening. Libel dismissed.

H. M. Holden, U. S. Dist. Atty., of Houston, Tex.
C. W. Nugent, of Galveston, Tex., for intervener.

HUTCHESON, District Judge. This is a libel by the United States to forfeit one Studebaker automobile, seized under the following state of facts, as shown by the following stipulation:

"The automobile in question was the property of Phillip Licata. The intervener, Shearn Moody, held a valid, subsisting first lien for the purchase money of the car in amount of six hundred ninety-seven and $90/100$ ($697.96) dollars, plus interest at 10 per cent. from the date of the filing of the intervention herein, and ———— per cent. attorney's fees; that the intervener, Shearn Moody, had no knowledge whatever of the unlawful use that was to be made of said automobile, and had given no consent thereto; that on June 3, 1922, the owner of said automobile made a deal to sell 30 ounces of morphine and cocaine to certain internal revenue officers; that the owner of the car took the officers to a certain place in Galveston for the purpose of showing the officers a sample of the narcotics, and at this place the confederate of the owner of the car joined the party, and had in his possession on his person 10 ounces of cocaine; that the officers then stated to Licata that they desired to examine this cocaine, and Licata then agreed to drive them to a point on the beach where they might do so, and accordingly Licata drove the officer and his confederate, Capaldo, who had the narcotics on his person, to a point on the beach where the car was stopped; that after the car was stopped, and Capaldo learned that the person with whom they were dealing was an officer, Capaldo slipped the 10 ounces of cocaine from his person into a pocket of the car for the purpose of concealing the same from the internal revenue officers, and to keep them from discovering same on his person; that the arrest was then made at that point; that then and there the car was searched, and the narcotic drugs found in the pocket of the car, being the same narcotics just immediately before transferred from the person of Capaldo; that the said narcotic drugs bore foreign labels and had been made in a foreign country; that they did not bear the required internal revenue or customs stamps; that at that instance the officers took possession of the narcotics. Both Capaldo and Licata have been convicted in this court of selling, dealing in, etc., narcotics."

The owner makes no claim, but a bona fide lienor files an intervention, disputing the government's right to forfeiture. Section 3450, Revised Statutes, under which the government seeks to forfeit, reads as follows:

---

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. And every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than five hundred dollars. And all boilers, stills, or other vessels, tools and implements, used in distilling or rectifying, and forfeited under any of the provisions of this title, and all condemned material, together with any engine or other machinery connected therewith, and all empty barrels, and all grain or other material suitable for distillation, shall, under the direction of the court in which the forfeiture is recovered, be sold at public auction, and the proceeds thereof, after deducting the expenses of. sale, shall be disposed of according to law. And all spirits or spirituous liquors which may be forfeited under the provisions of this title, unless herein otherwise provided, shall be disposed of by the Commissioner of Internal Revenue as the Secretary of the Treasury may direct." R. S. § 3450 (Comp. St. § 6352).

The government contends that, it being undisputed that the car was used to carry out an unlawful sale of narcotics, they are entitled under that article to forfeiture. Intervener contends that the statute does not attach forfeiture to the transportation of narcotics by machine, but merely to the removal of the said narcotics, the depositing or concealing of narcotics in any place with intent to defraud the United States of a tax due on said goods, and that there is no evidence in this case that this transportation was of that character. They also assert that the statute does not apply to narcotics carried on the person of the driver of the car, but only to articles deposited or concealed in the car itself for the purpose of removal from a designated place.

The intervener relies upon Hester v. United States (C. C. A.) 284 Fed. 487, in which the court held that it was the duty of the government to prove that taxes had not been paid; upon Dukes v. United States (C. C. A.) 275 Fed. 142, holding the same thing; and upon United States v. One Ford Automobile Truck (D. C.) 286 Fed. 204, in which it is held that the word "removal' did not apply to a mere transportation from place to place, but referred to a removal from some place where the article was supposed to be kept, as distilleries, custom houses, etc., and that the carrying of narcotics in the pocket of a driver could not, in any proper sense, be held to be a deposit or concealment in the car.

Reliance is also placed upon United States v. One Kissel Touring Automobile (D. C.) 289 Fed. 120, in which case the court, after discussing United States v. One Ford Truck (D. C.) 286 Fed. 204, concurred in the view, there expressed, that "removal" was not synonymous with transportation, and, after expressing doubt whether narcotics in the pocket of the driver could be said to be concealed or deposited in

the car, held that there must be proof, even if it were held that they were concealed or deposited in the car, that the purpose of such concealment was to defraud the government of taxes, and that the fact of having contraband goods in the driver's possession would not be sufficient proof, in a case of forfeiture of an automobile, that they were so held to avoid a tax payment.

The United States cites and relies upon United States v. Mincey, 254 Fed. 287, 65 C. C. A. 575, 5 A. L. R. 211; but in that case it was conceded that the automobile had been used, as charged, in violation of the law for the purpose alleged. It also cites and relies upon United States v. One Cadillac Automobile (D. C.) 292 Fed. 773, a case of distilled spirits; but in that case the District Judge who wrote the opinion treated the word "removal" as synonymous with "transportation," and held that there was evidence that it was transported in order to defraud the government of taxes, because the bottles had export strip stamps on them, and were being transported in intrastate commerce.

This opinion I do not think sound, both because I do not agree that "removal" is synonymous with transportation, nor do I think that the presence or absence of export strip stamps has any effect in supplying proof of an attempt to avoid tax. It is my opinion that Judge Dooling was right when he said that the difficulties in cases like the present arise from an endeavor to fit a law passed in 1866 to delinquencies created by the Harrison Act over 50 years later; that section 3450, construed in the light of its purpose and of its language, cannot be construed to cover mere unlawful transportation, but only such transportation as takes place in the attempted removal from a specified place where the property was supposed to be until the taxes are paid, and extends only to activities looking to that end, or such transportation as amounts to a deposit or concealment for the purpose of avoiding the tax; that it does not cover a case of the use of an automobile to bring about an illicit sale of narcotics, unless there is proof, in addition to the mere fact of transportation of narcotics bearing no proper stamp, that the stuff was being removed from the place where the tax was supposed to be paid for the purpose of avoiding that tax, or was being deposited and concealed in the vehicle for the purpose of avoiding that tax. In short, the statute cannot be wrested out of its plain context to fit what the executive now believes to be a good purpose, the entire forfeiture of a vehicle as against innocent persons, when such vehicle has been used for the transportation of narcotics.

This is the present effect of the customs laws, which provide for strict forfeiture with the right of remission in the Treasury: This is the effect of the prohibition laws as to others than bona fide lienors and owners, and it is the effect of section 3450, where the transportation is of the character denounced in section 3450. Whether the law should be amended, so as to cover all transportation, without at the same time protecting the innocent lienor, is a legislative question, not for me to determine; but, as it at present stands, section 3450 does not authorize the forfeiture of a vehicle which is used merely for transportation for the purpose of effecting an illegal sale of narcotics. If the government has the right of forfeiture, it has the right equally as against the in-

tervener and the owner. If it has not the right of forfeiture, the lienor, as well as the owner, may defend against the assertion of that right.

It is therefore my opinion, and it will be so ordered, that the government has not made a case, and that the libel must be dismissed.