**UNITED STATES v. ONE 1920 PREMIER AUTOMOBILE et al.**

(Circuit Court of Appeals, Ninth Circuit. April 21, 1924.)

No. 4116.

Internal revenue ⬲46—Cocaine in pockets of driver of automobile held not "removed, deposited, or concealed," authorizing forfeiture of car.

Where, at time of seizure of automobile, owner was driving on streets and had on his person certain capsules of cocaine, subject to imposition of an internal revenue tax, which he threw into street when about to be arrested, the cocaine was not removed, deposited, or concealed, within Rev. St. § 3450 (Comp. St. § 6352), relative to forfeiture of vehicles.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Jeremiah Neterer, Judge.

Proceeding by the United States to forfeit and condemn one 1920 Premier automobile, in which J. E. Ashbrook and another intervene. From an adverse judgment, the United States brings error. Affirmed.

Frank R. Jeffrey, U. S. Atty., of Spokane, Wash.

Ferris & Ferris, of Spokane, Wash., and Lasher B. Gallagher, of San Francisco, Cal., for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The United States by information sought to forfeit and condemn one Premier automobile under section 3450, R. S. (Comp. St. § 6352). The owner of the automobile had been convicted and sentenced under an indictment charging him with violation of Act Dec. 17, 1914 (Comp. St. §§ 6287g–6287q), in that he had in his possession cocaine without having registered with the collector of internal revenue and without having paid the special tax. At the time of the seizure of the automobile the owner was driving the same upon the streets of the city of Spokane, and had upon his person certain capsules of cocaine, subject to the imposition of an internal revenue tax. When about to be arrested, he threw the capsules from his hand into the street. The petitioner Ashbrook intervened and established the fact that he had loaned to the owner of the automobile $387.18, and held for the security of the same a chattel mortgage upon the automobile. The owner's wife intervened and claimed that the automobile was her sole and separate property.

We agree with the court below that the cocaine was not removed, deposited, or concealed, within the meaning of section 3450. Little, if anything, can be added to the exhaustive reasoning of Judge Cushman in U. S. v. One Ford Automobile Truck (D. C.) 286 Fed. 204, holding that the removal, deposit, or concealment contemplated by the statute had reference to removal from particular specified places designated by law; and it seems clear to us that, in any view of the meaning of the word "removal" as used in the statute, the removal here was not a removal of the capsules of cocaine, but was a removal of the possessor thereof, who had them upon his person.

The judgment is affirmed.

---

⬲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes