## UNITED STATES v. ONE CHEVROLET COACH.

District Court, D. Oregon.    March 6, 1928.

### No. 10197.

Customs duties ⟜130(6)—Automobile in which person carrying opium was riding held not subject to forfeiture (19 USCA §§ 482, 483).

Automobile in which person carrying opium was riding at time of its seizure *held* not subject to forfeiture, under Rev. St. §§ 3061, 3062 (19 USCA §§ 482, 483).

Forfeiture Libel.    Proceeding by the United States against one Chevrolet coach, engine No. 2671570.    Libel dismissed.

George Neuner, U. S. Atty., Joseph N. Helgerson, Asst. U. S. Atty., of Portland, Or., for the United States.

Roy K. Terry and Richards & Richards, all of Portland, Or., for claimants.

McNARY, District Judge.    This is a libel filed by the United States to forfeit a certain Chevrolet car, under sections 3061 and 3062 of the Revised Statutes (19 USCA §§ 482, 483).    The case was tried upon an agreed state of facts, namely, that at the time of its seizure the car was being driven, in Portland, Or., by George Reed, and the remaining occupants were Blanch St. Germain and Jimmy Sun; that Reed had taken the car from the garage of the owner without the owner's knowledge or consent; that while in the car Blanch St. Germain had in her possession three packages of opium, and when the officers ordered the car to stop she threw the opium into the street.

There is nothing in the record to show that the car was being used as an instrumentality for the concealment or transportation of the unlicensed drug.    The opium was concealed and transported on the person of Blanch St. Germain.    I do not think the statute contemplates that the car shall be considered as the offender in cases of this kind. United States v. One Ford Automobile Truck (D. C.) 286 F. 204; United States v. One 1920 Premier Automobile (C. C. A.) 297 F. 1007.

The libel will be dismissed.