## UNITED STATES v. ONE PONTIAC COUPÉ AUTOMOBILE.

District Court, S. D. Texas, at Houston. April 5, 1928.

No. 918.

Internal revenue ☞46—Evidence held not to show concealment of narcotics, without payment of tax, in automobile sought to be forfeited (Harrison Anti-Narcotic Act [26 USCA §§ 211, 691–707]; 26 USCA §§ 1181, 1182).

Evidence that automobile, sought to be forfeited under Rev. St. § 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352), had been used by owner's wife with his knowledge and consent just before its seizure to transport her with morphine in her personal possession in unstamped package for purpose of making illegal sale thereof, held not to show disposition or concealment of narcotics on which tax had not been paid, in violation of Harrison Anti-Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q).

Forfeiture Libel. Proceeding by the United States to forfeit one Pontiac coupé automobile, in which Greenville B. Kirksey and wife intervened as claimants. Decree denying condemnation, and releasing the car to interveners discharged from the claims of the libel.

H. M. Holden, U. S. Dist. Atty., and D. Heywood Hardy, Asst. U. S. Dist. Atty., both of Houston, Tex.

Gill, Jones & Tyler and Heidingsfelder, Kahn & Branch, all of Houston, Tex., for interveners.

HUTCHESON, District Judge. This is an attempt by the United States to invoke the provisions of section 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352) to forfeit an automobile on the ground that the automobile was at the time and place of its seizure "then and there being used as a place for the deposit and concealment of a quantity, to wit, 20 grains, of morphine, on which morphine the tax imposed by law had not been paid, and with the intent to defraud the United States of such tax."

The evidence establishes that the automobile, just prior to its seizure, had been used by Emma Kirksey, with the knowledge and consent of her husband, Greenville B. Kirksey, to transport her with morphine in her personal possession in an unstamped package, for the purpose of making an illegal sale thereof. It establishes nothing more. The government insists that these facts cause a forfeiture of the car. Interveners oppose this contention, asserting:

(1) That section 3450 has no application whatever to narcotics. United States v. Mangano (C. C. A. Eighth Circuit) 299 F. 492.

(2) That, if it does, there is no proof in this case that the tax on the narcotics had not been paid. Cadillac Automobile Co. v. United States (C. C. A. Sixth Circuit) 7 F. (2d) 103; United States v. One Studebaker Automobile (D. C.) 298 F. 191; United States v. One Kissel Touring Car (D. C.) 289 F. 120; and

(3) That, if both of these positions be wrong, evidence that there were narcotics on or about the person of a passenger in an automobile does not amount to either deposit or concealment in the automobile, within the meaning of the law. Cadillac Auto Co. Case, supra; United States v. One Ford Automobile (D. C.) 2 F.(2d) 886; United States v. One Ford Automobile (D. C.) 286 F. 204, approved in United States v. One Premier Automobile (C. C. A. Ninth Circuit) 297 F. 1007; United States v. One Chevrolet (Dist. of Oregon) 25 F.(2d) 917.

Against these authorities the government cites none. Nor, in fact, has it been able to call to my attention any reported case wherein the section invoked here has been in fact applied, so as to work a forfeiture of a vehicle because of its use to effect an unlawful sale of narcotics. It has pitched its whole contention upon the theory that the

·decisions declaring section 3450 applicable to the unlawful handling of intoxicating liquors are controlling here, and rests its case upon Goldsmith-Grant Co. v. United States, 254 U. S. 508, 41 S. Ct. 189, 65 L. Ed. 376; United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Commercial Credit Co. v. United States (C. C. A.) 17 F.(2d) 902; Commercial Credit Corporation v. United States (C. C. A.) 18 F.(2d) 927—and kindred cases, all involving intoxicating liquors.

To these citations interveners oppose, not only the reasons which obviously suggest themselves for a different treatment of the subject-matters, so widely different in law and in fact, as intoxicating liquors under the Eighteenth Amendment and narcotics under the Harrison Act (26 USCA §§ 211, 691-707; Comp. St. §§ 6287g-6287q), but plant themselves firmly on the declared difference announced by the Circuit Court of Appeals of the Sixth Circuit in the Cadillac Automobile Case, supra, and assert that the uniform denial by the courts of efforts to effect forfeitures of vehicles in narcotic cases of this kind, when viewed in the light of their equally uniform affirmance of the right to forfeit where liquors are involved, leaves no room for doubt that the principles controlling one have no application to the other.

Because this court, in United States v. One Studebaker Automobile, 298 F. 191, upon facts as strong as, if not stronger than, the facts here, has already denied the application of section 3450 to a narcotic case, while in United States v. One Ford Automobile (D. C.) 292 F. 207, it has allowed a forfeiture under section 3450 in a case involving the unlawful transportation of liquor, the questions involved and the authorities cited have been given the most careful consideration, with the result that no reason has been found to abandon the conclusions reached and announced in those cases.

In view of the fact that I think the case fails for want of evidence to show, within the meaning of the law, deposit or concealment in the car of narcotics on which a tax had not been paid, it is not necessary for me to determine whether the opinion of the Eighth Circuit in the Mangano Case that the statute has no application is sound, other than to say that that opinion seems entirely reasonable to me, and one which, in the exercise of a reasonable judicial construction, should be adopted, until Congress, if it desires section 3450 to have application to narcotics, shall by a reasonable provision make that intention clear.

Let a decree be entered, denying plaintiff's prayer for condemnation, and releasing the car to interveners freed and discharged from the claims of the libel.