## UNITED STATES v. ONE FORD TRUCK.

District Court, D. Maine, N. D.
March 18, 1930.

W. B. Nulty, Asst. U. S. Atty., of Portland, Me.

Edw. P. Murray, of Bangor, Me., for claimant.

PETERS, District Judge.

This was a libel for condemnation and forfeiture of a truck charged with being used to facilitate the importation of merchandise contrary to law. From the evidence it appears that the claimant was the owner of the truck, living not far from the Canadian line, and had taken a friend named Sullivan and driven over to Canada, where they remained some two hours, and where, as the claimant testifies, they had some drinks of beer. Returning that evening in the truck, they came to the building where the customs officer was stationed and signaled him. It is apparent that at that time the claimant was intoxicated; the passenger, Sullivan, not so much so. The customs officer searched the truck, and found no contraband articles. Having noticed a suspicious bulging around the body of Sullivan, the customs officer started to search him. Sullivan had on a heavy mackinaw and jacket. The officer was feeling around his back, and felt and then saw the outlines of four flat bottles of the flask type. He was then searching further around the body of Sullivan, where he noticed other bottles, when Sullivan wheeled and struck the officer in the head. After more or less of a fight, the claimant and Sullivan both got away in the truck, which was next day identified and seized.

■ If the truck was being used to facilitate the unlawful importation of merchandise, whether liquor or otherwise, the truck was subject to seizure and forfeiture. U. S. v. Cahill (C. C. A.) 13 F.(2d) 83.

■ The principal question is whether Sullivan had on his person any merchandise that was being brought into the country unlawfully.

The fact that the customs officer felt the necks of four bottles concealed around Sullivan's body, and had found others which he was about to examine, when he was assaulted by Sullivan and further inspection prevented, the fact that Sullivan was not called at the hearing, and that no explanation was offered of his absence, nor of the concealing of bottles around the waist of Sullivan, and that the men, so far as was testified by the claimant, had no business in Canada other than getting liquor to drink, makes it certain as a practical proposition that merchandise was concealed around the body of Sullivan, and that the merchandise was undoubtedly intoxicating liquor. If Sullivan was not unlawfully bringing in something concealed about his body, there is no reasonable explanation of his sudden assault of the officer which prevented further searching. The officer was alone, and during the fracas it also appears that one of the men pointed a rifle at him.

The government having made out a prima facie case of forfeiture which is not contradicted, and it being apparent that the truck was being used to facilitate the unlawful importation, the owner, as a matter of fact, driving, a decree of forfeiture may be entered.