## THILL v. UNITED STATES.

### No. 6761.

Circuit Court of Appeals, Ninth Circuit.
Aug. 5, 1933.

John J. Sullivan and Everett O. Butts, both of Seattle, Wash., and Fred McDonald, of San Francisco, Cal., for appellant.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

Before WILBUR, MACK, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

John Thill, claimant of one Cadillac town sedan automobile, engine number 1001858, model 370, Indiana license number 758–471, brings this appeal from the decree of forfeiture of said Cadillac automobile entered on the 25th day of January, 1932, by the District Court of the United States for the Western District of Washington. The government seeks forfeiture of the automobile under Rev. Stat. §§ 3061, 3062 (19 USCA §§ 482, 483), and sections 459, 460 of the Tariff Act of 1930 (19 USCA §§ 1459, 1460).

On August 23, 1931, John Thill, claimant, and Sue Thill, his wife, entered the United States from Canada at Blaine, Wash., in said automobile. They were stopped by the customs officials at the port of Blaine, Wash., and the usual examination was made. Mrs. Sue Thill was taken into the customs office and searched, and there were found concealed on her person three and one-half ounces of smoking opium, five codine tablets, one five-grain veronal tablet, two ounces of laudanum, one ounce of paregoric, and one vial of strychnine sulphate tablets. Claimant, on behalf of himself and his wife, declared certain merchandise in their possession, which declaration did not include the property which was found on the person of his wife.

The contention of claimant, appellant, is that since the contraband articles were found on the person of Mrs. Thill and not in the car itself, and, as he claims, they were in her possession without his knowledge, the automobile is not subject to forfeiture under R. S. §§ 3061, 3062 (19 USCA §§ 482, 483). As Mrs. Thill was a passenger in said automobile with the smuggled goods concealed on her person, the automobile was transporting said merchandise. The fact that the appellant did not know that his wife had these articles in her possession would not relieve the car of forfeiture. The language of sections 3061 and 3062 of the Revised Statutes is very broad and provides for forfeiture of the merchandise when it is introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, on, about, or upon a vehicle, or otherwise, and also provides for the forfeiture of the vehicle which is used in conveying, drawing, or propelling said merchandise.

In General Motors Corp. v. United States, 286 U. S. 49, 52 S. Ct. 468, 470, 76 L. Ed. 971, 82 A. L. R. 600, Justice Cardozo, speaking for the court, said: "Certain it is therefore that vehicles carrying smuggled merchandise other than intoxicating liquors may still be seized and forfeited under the provisions of the tariff acts and those of the Revised Statutes ancillary thereto. The forfeiture may be enforced even against innocent owners, though the Secretary of the Treasury may remit it, upon such terms as he deems reasonable, if satisfied that there was neither willful negligence nor intent to violate the law. Rev. St. § 378 (5 USCA § 328); Tariff Acts of 1922 (19 USCA §§ 520, 532) and 1930, sections 613, 618 (19 USCA §§ 1613, 1618). The penalty is at times a hard one, but it is imposed by the statute in terms too clear to be misread."

It is immaterial under R. S. §§ 3061 and 3062 that the merchandise be found on the person of a passenger in the vehicle. We agree with Judge Bourquin, as stated by him in U. S. v. One Gardner Roadster (D. C.) 35 F.(2d) 777, 778, that sections 3061, 3062, Rev. Stat. (19 USCA §§ 482, 483), require the forfeiture of a vehicle whether the contraband articles are "in direct contact with it or indirectly by reason of intervention of container or person, at least when the intervening person is driver of beast or vehicle."

Appellant relies upon our decision in U. S. v. One 1920 Premier Automobile, 297 F. 1007. That case is clearly distinguishable from the case at bar. There the proceedings were under section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182) dealing with internal revenue. These sections, among other things, deal with the removal of goods within the United States for the purpose of evading the tax thereon. It was held by us in U. S. v. One 1920 Premier Automobile, supra, that the purpose of the transportation of the codine capsules was not proven to be for its "removal from particular specified places designated by law." (See opinion of Judge Cushman, U. S. v. One Ford Automobile Truck [D. C.] 286 F. 204, 209, which we cited.) It was also stated in that opinion, as a second ground of decision, that the removal "was not a removal of the capsules of cocaine, but was a removal of the possessor thereof, who had them upon his person." This second ground seems too narrow a view of the situation in light of decisions of the Supreme Court holding that the rule of strict construction of laws imposing a penalty do not apply to statutes enacted to prevent fraud on revenue. U. S. v. Ryan, 284 U. S. 167, 174, 52 S. Ct. 65, 67, 76 L. Ed. 224, where it was said: "We are not called upon to give a strained interpretation in order to avoid a forfeiture. Statutes to prevent fraud on the revenue are construed less narrowly, even though a forfei-

ture results, than penal statutes and others involving forfeitures. U. S. v. Stowell, 133 U. S. 1, 12, 10 S. Ct. 244, 33 L. Ed. 555; Smythe v. Fiske, 23 Wall. 374, 380, 23 L. Ed. 47; U. S. v. Hodson, 10 Wall. 395, 406, 19 L. Ed. 937; Cliquot's Champaigne, 3 Wall. 114, 145, 18 L. Ed. 116; Taylor v. United States, 3 How. 197, 210, 11 L. Ed. 559."

However that may be we hold that under the more comprehensive provisions of sections 3061, 3062, Rev. Stat. (19 USCA §§ 482, 483), a forfeiture must be decreed where the smuggled goods are "by, in, or upon such vehicle," even though they be upon the person of an occupant of the car. This view has been advanced by a number of the District Courts. See U. S. v. One Gardner Roadster, 35 F.(2d) 777, supra; U. S. v. One Ford Truck, 39 F.(2d) 86; U. S. v. One Chevrolet Coach, 1 F. Supp. 310; U. S. v. One Studebaker Automobile, 2 F. Supp. 609.

Decree affirmed.