UNITED STATES v. ONE FORD COUPE AUTOMOBILE, 1934 MODEL, MOTOR NO. 18-1049806.

No. 39.

District Court, W. D. Texas, San Antonio Division.

March 13, 1939.

under Section 1441, Title 26, United States Code Annotated, Section 3450, R.S.

The Universal Credit Company has intervened and, after alleging that it is the innocent holder of a lien indebtedness on the car, contests its forfeiture on the grounds that the facts do not bring it under the statute.

The stipulation is largely made up of agreements with regard to the bona fides of the intervenor and its innocence in the premises. These matters have no materiality here, as there is no provision under Section 1441 for remission of penalty or the protection of innocent parties. That portion of the stipulation which is relevant here merely indicates that on or about February 5th, 1938, in Austin, Texas, City Detectives having orders to pick up one Chon Luna for investigation, followed him and apprehended him upon a public street while driving in a Ford Coupe. They placed him under arrest and a hasty search disclosed one marihuana cigarette in his pants pocket. Later at the police station, another marihuana cigarette was found which he admitted was his, he stating that he had concealed it in the police office while there. The case was then turned over to the Federal officers.

The statute under which the Government proceeds, in so far as it is material, is as follows: "Every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine of not more than $5,000 or be imprisoned for not more than three years, or both. * * * Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited." Accordingly, in order for the Government to prevail here, it is necessary for it to show, first, the intent to defraud the United States of a tax, and, second, that the automobile in question was used either for the removal of the marihuana or for the deposit or concealment thereof.

Under the marihuana statute, a tax is levied upon the transfer of the commodity but not upon the product itself. The question is raised as to whether the

W. R. Smith, Jr., U. S. Atty., of San Antonio, Tex.

Wm. H. Russell, of San Antonio, Tex., for intervenor.

McMILLAN, District Judge.

In this case, the Government proceeds by way of libel to forfeit an automobile

statute is broad enough to cover marihuana, in view of that fact. I am of the opinion, however, that in as much as the statute uses the words "any goods or commodities for or in respect whereof any tax is imposed", that terminology is broad enough to cover marihuana in a proper case. The tax is certainly imposed in respect to the drug, even if it should not be held to be directly levied on the thing itself.

The difficulty in the case, so far as the Government is concerned, arises, of course, with regard to the other requirements of the forfeiture statute. In the first place, it is extremely questionable whether the stipulation here is sufficient to show any intent to defraud the Government of its tax. "By the plain terms of the forfeiture statute (Rev.St. § 3450), a specific intent to defraud is essential. The burden to establish such intent by competent evidence rests upon the United States. United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025." United States v. One .Ford V-8 Sedan, 1934 Model, D.C., 11 F.Supp. 515, 516.

Again in United States v. One 1935 Model Chevrolet Coupe Automobile, D.C., 14 F.Supp. 680, 681, it is said: "The vehicle is not forfeitable unless the user thereof had concealed in it taxable articles and at the time had a fixed intent to defraud the United States. If the intent is absent, no forfeiture occurs regardless of the use, but, if the intent be present and a loss results to the United States, the forfeiture occurs no matter how little the use."

■■■ Of course, direct proof of the intent to defraud is not essential. Intent may be shown by circumstantial evidence or it may be inferred from the surrounding facts and circumstances. However, the facts and circumstances in the present case, as shown by the stipulation, are extremely meagre. It might be just as readily inferred that Chon Luna's intent was to avoid arrest by the State authorities under their marihuana statutes as it was to avoid payment of the Federal tax on these two cigarettes. The statute is highly penal in its nature and should, of course, be strictly construed.

■ However, I prefer not to rest the decision of the case upon this ground. It is manifest from the stipulation that he had these two marihuana cigarettes in his pocket at the time of his arrest. One of them was found there when he first got out of the car and he admitted concealing the other one in the police station after he was taken there. So it is not possible that they were concealed at any place in the car. They were obviously concealed on his person.

Under those circumstances, the authorities are practically unanimous in holding there was no concealment of the commodity in the car itself, but that the drug was concealed on the driver. The same thing is true with regard to the matter of deposit. See United States v. One Cadillac Automobile, United States v. One Ford Automobile, D.C., 2 F.2d 886; United States v. One Ford Automobile Truck, D.C., 286 F. 204; United States v. One 1920 Premier Automobile, 9 Cir., 297 F. 1007; United States v. One Chevrolet Coach, D.C., 25 F.2d 917; United States v. One Pontiac Coupe Automobile, D.C., 25 F.2d 755.

■ Accordingly, that brings us to the question as to whether there was such a removal of this marihuana as is contemplated by the statute. A number of the courts have written upon this question. The term "removal" has been in the Federal laws for a long time. It has acquired a fixed meaning of its own. United States. v. Mangano, 8 Cir., 299 F. 492. The very statute involved in this case has been on the books, with slight variation, since 1866. There is a complete discussion of the matter by the District Court for the Western District of Washington in the case of United States v. One Ford Automobile Truck, 286 F. 204. The Court there reached the conclusion that the removal contemplated by the statute was from particular specified places designated by law. The matter is thoroughly discussed by Judge Hutcheson in United States v. One Studebaker Automobile, D.C., 298 F. 191, 193, and he arrives at the same conclusion, viz.: "that section 3450, construed in the light of its purpose and of its language, cannot be construed to cover mere unlawful transportation, but only such transportation as takes place in the attempted removal from a specified place where the property was supposed to be until the taxes are paid."

Many other authorities might be added, but I consider it unnecessary to do so. The matter is again fully discussed and the au-

thorities reviewed in the still later case of United States v. One Pontiac Coupe Automobile, supra.

It is obvious that the word "removal" was never intended to mean a mere driving around town with a commodity for the purpose of either smoking or drinking it or selling it to some third party. The evidence would have .to go further and show an original removal by the offending vehicle from some specified place contemplated by law. The point about the matter is that so far as forfeiture because of "removal" is concerned, the statute when passed never contemplated commodities such as narcotics or marihuana. It was aimed at distillers and the like who were forbidden to remove their product from the place where made until the tax was paid. United States v. One Studebaker Automobile, supra.

It therefore follows that the facts covered by the stipulation in this case and which constitute the only evidence, are insufficient to warrant a forfeiture. The prayer of the Government will, accordingly, be denied. Appropriate judgment may be prepared and presented for entry.