802

UNITED STATES of America,
Plaintiff,

v.

ONE 1957 PLYMOUTH 4-DOOR SEDAN,
Defendant.

No. C-117-58.

United States District Court
D. Utah,
Central Division.

May 6, 1959.

———◆———

A. Pratt Kesler, U. S. Atty. for the District of Utah, Salt Lake City, Utah, for plaintiff.

Irwin Arnovitz, Salt Lake City, Utah, for claimant Ybarra.

C. E. Henderson, Salt Lake City, Utah, for Walker Bank & Trust Co.

CHRISTENSON, District Judge.

Claimant's motion for a new trial on the ground that the Court erroneously instructed the jury that transportation of untaxpaid liquor with intent to avoid payment of tax would subject the automobile to forfeiture under Title 26 U.S.C. § 7301, was taken under advisement by the Court and is hereby denied.

There have been various views expressed concerning the meaning of the word "removal" used in the forfeiture provisions of former revenue statutes. Substantial authority supports claimant's contention that the word "removal" did not cover mere unlawful transportation but only such transportation as takes place in the attempted removal from the place where the liquor was intended to remain until the tax was paid. United States v. One Ford Automobile Truck, D.C.W.D.Wash.1923, 286 F. 204; United States v. One Ford Coupe Automobile, D.C.W.D.Tex.1939, 26 F.Supp. 867; United States v. One Studebaker Automobile, D.C.S.D.Tex.1924, 298 F. 191; United States v. Mangano, 8 Cir., 1924, 299 F. 492; United States v. One Buick Automobile, D.C.S.D.Cal.1924, 300 F. 584; United States v. One Buick Sedan Automobile, D.C.S.D.Cal.1924, 1 F.2d 997; United States v. Perfetti, D.C. E.D.Pa.1950, 91 F.Supp. 909; Price v. United States, 5 Cir., 1945, 150 F.2d 283. Other courts, however, have interpreted removal as synonymous with transportation. Yellow Mfg. Acceptance Corp. v. United States, 9 Cir., 1936, 84 F.2d 164; United States v. One Cadillac Automobile, D.C.E.D.Ill.1923, 292 F. 773; United States v. One 1949 Model Pontiac Coach Auto., D.C.W.D.S.C.1954, 121 F. Supp. 436. See also United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, and Chief Justice Stone's statement in United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, at page 67, 76 L.Ed. 224.

But what may have been the interpretation of former statutes does not seem controlling here, especially if considered without reference to subsequent changes in language. The statute was revised by Congress in 1954 and now specifically uses the word "transport" in place of "removal". Section 7301(e), 1954 Internal Revenue Code, 26 U.S.C. The sequence of words "in the removal or for the deposit or concealment" was verbatim the same in revenue statutes from 1866 until the 1954 revision replaced the word "removal" with "transport". It is now provided that "Any

property * * * used to *transport* or for the deposit or concealment of property described in subsection (a) * * * may also be seized, and shall be forfeited to the United States." (Emphasis added). Among the property described by a series of disjunctive clauses in subsection (a) is found "any property on which, or for or in respect whereof, any tax is imposed by this title which shall be found in the possession or custody or within the control of any person * * * with design to avoid payment of such tax, * * *." At least the statute is reasonably susceptible of such construction in disregarding the alternative phrases last above omitted, which do not seem pertinent to the instant case. The intent of Congress seems increasingly clear when subsection (a) and the amended subsection (e) are considered together.

I am of the opinion that the present statute provides for forfeiture of any property used to transport untaxpaid property with the intent to avoid payment. The related issue of fact was submitted to the jury under instructions which are not complained of except upon the contention, now rejected, that there could be no forfeiture unless the spirits were being "removed" in the sense described in United States v. One Ford Automobile Truck, 286 F. 204, supra.