## UNITED STATES v. ONE MARMON AUTOMOBILE.

(District Court, N. D. Georgia. April 29, 1925.)

No. 953.

1. **Internal revenue ⊙39, 40—Statute prohibiting removal or concealment of distilled liquors without payment of tax held applicable only to licensed distilleries and their warehouses.**

Rev. St. § 3296 (Comp. St. § 6038), prohibiting removal of distilled liquors to place other than distillery warehouse, or removal from warehouse in unlawful manner, or concealment when so removed, before payment of tax, is applicable only to licensed distilleries and their established warehouses.

2. **Internal revenue ⊙46—Statute providing for forfeiture of vehicles used with intent to defraud United States of tax applicable to product of illicit stills.**

Rev. St. § 3450 (Comp. St. § 6352), providing for forfeiture of vehicles used in removal of commodities with intent to defraud the United States of tax on commodities, is applicable to illicit stills and their products.

3. **Internal revenue ⊙46—Statute providing for forfeiture of vehicles by which commodities are "removed" with intent to defraud government of tax, construed.**

Commodities are "removed," within Rev. St. § 3450 (Comp. St. § 6352), providing for forfeiture of vehicles by which commodities are "removed" with intent to defraud United States of tax, when transported from a place at which commodities could be taxed or might be seized for nonpayment of taxes to any other place, with specified intent; the word having its ordinary and not a technical meaning.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remove —Removal.]

**4. Internal revenue ⬥46 — Intent to defraud government of taxes essential element of government's right to forfeiture of automobile.**

Intent to defraud government of taxes on commodities is essential element of government's right to forfeiture of vehicle used for removal or concealment of commodities under Rev. St. § 3450 (Comp. St. § 6352).

**5. Internal revenue ⬥46 — Intent to defraud government of taxes must be alleged and proved in proceeding to forfeit automobile.**

In proceeding to forfeit automobile used in transportation of liquors with intent to defraud the United States of tax thereon, under Rev. St. § 3450 (Comp. St. § 6352), the intent to defraud must be alleged and proved, notwithstanding section 3333 (section 6130), shifting burden of proof from government; such statute being applicable only to claimant of liquors.

**6. Internal revenue ⬥46 — Intent to defraud government of tax may be shown by circumstantial evidence in proceeding to forfeit automobile.**

In proceeding to forfeit automobile used in transportation of liquor with intent to defraud government of tax, under Rev. St. § 3450 (Comp. St. § 6352), the intent to defraud may be shown by circumstantial evidence.

**7. Internal revenue ⬥46 — Rule as to presumption of intent to defraud in proceeding to forfeit automobile, stated.**

Where the natural and probable result of acts intentionally done is to defraud, an intent to defraud is to be presumed in proceeding to forfeit automobile used in transportation of liquor with intent to defraud government of tax under Rev. St. § 3450 (Comp. St. § 6352), but the presumption may be rebutted by showing the actual absence of such intent.

**8. Internal revenue ⬥46 — Evidence held to prove intent to defraud government in proceeding to forfeit automobile.**

In proceeding to forfeit automobile used in transportation of liquor with intent to defraud government of tax, under Rev. St. § 3450 (Comp. St. § 6352), evidence *held* sufficient to prove such intent.

**9. Internal revenue ⬥46 — Conditional seller's innocence no defense in proceeding to forfeit automobile used with intent to defraud government of tax.**

Innocence of seller of automobile, who had parted with possession but had retained title to secure payment of purchase price by duly recorded contract, did not save automobile from forfeiture under Rev. St. § 3450 (Comp. St. § 6352), because used in transportation of liquor with intent to defraud government of tax.

Libel by the United States to forfeit one Marmon automobile. Judgment for libelant.

D. K. Johnston and Chas. G. Reynolds, both of Atlanta, Ga., for claimant.

John W. Henley, Asst. U. S. Atty., of Atlanta, Ga.

SIBLEY, District Judge. This libel is, by stipulation of the parties, for decision by the court without a jury. I find the material facts to be as follows:

The libeled automobile was sold by the intervening claimant to one Hopkins, a resident of Atlanta, Ga., on credit, with title retained to secure the purchase money by a duly recorded contract; the purchase money being still unpaid. At the time of the sale the seller did not know of any likelihood that the buyer would unlawfully transport liquors with the car. Later it learned that he was reported to be an illicit liquor hauler, and sought to rescind the sale; but the buyer refused. On the morning of the day the car was seized by government officers, who were both deputy collectors of internal revenue and prohibition agents, they saw it in the mountains of Northeast Georgia, in a vicinity where many illicit stills were operated, in charge of Robinson and Hall. Suspecting that it was hauling liquor, they later struck its track and trailed it for two miles, in a direction away from the mountains and toward Atlanta, to the rear of a barn, where it was found abandoned; two unidentified men being seen going away in the distance. The car contained, concealed under a blanket, 52 gallons of white corn whisky, in rectangular, one-gallon cans, with no stamps, marks, or brands whatsoever upon them to show that it had been lawfully bottled under the revenue laws, Act of March 3d, 1897, chap. 379 (Comp. St. §§ 6070–6077), or under the Prohibition Law, tit. 2, § 12 (Comp. St. Ann. Supp. 1923, § 10138½f). No tax had ever been paid on the whisky. I infer from the circumstances that the operators of the car had come from Atlanta to the mountains to get a load of whisky from illicit distillers, or their representatives, and to transport it to Atlanta for sale as a beverage; had procured this whisky from a person unknown, had deposited and concealed it in the car, and had probably transported it to the place of seizure all in pursuance of this general intent. All persons concerned knew a tax was due upon the production of the whisky, and that it had not been paid and was not intended to be paid by any one. Their active intent, however, was more taken up with escaping the penalties of the Prohibition Law than with the matter of evading the taxes. It is not shown that the whisky was gotten directly from a distiller who owed the taxes, nor that Robinson and Hall had the evasion of the taxes especially in mind in con-

cealing and removing it in the car, if they were the operators.

[1, 2] Under these facts, is the car forfeited under R. S. § 3450 (Comp. St. § 6352), providing for forfeiture of vehicles used "whenever any goods or commodities for or in respect whereof any tax is or shall be imposed * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax"? This section is not a liquor law, but applies to all taxed articles. Cognate provisions as to distilled liquors are found in R. S. § 3296 (Comp. St. § 6038), prohibiting the removal of them before the tax is paid to a place other than the distillery warehouse, or the concealment of them when so removed or the removal of them from a warehouse in an unlawful manner, or concealment of them when so removed. There is no specific intent required in this statute, but felony punishments are imposed for the acts denounced. No forfeiture of vehicle is provided. R. S. § 3296, seems appropriate to and should be confined to licensed distilleries and their established warehouses. R. S. § 3450, with its broader provisions and lighter penalties, may well cover illicit stills and their products, and it has so been always held in this District.

[3] The word "removed" is not technical, but has its ordinary meaning, whether applied to whisky, tobacco, imported merchandise, or any other taxed commodity, and includes any transportation from a place at which it should be taxed or might be seized for nonpayment of the taxes to any other place, with intent to defraud the United States of the taxes. The deposit and concealment penalized may, by the words of the statute, be "in any place."

[4-7] The specific intent to defraud the United States of the taxes is, however, an essential element of the penalized acts, and must be both alleged and proved whether in a criminal prosecution or a libel for forfeiture. R. S. § 3333 (Comp. St. § 6130), cannot be relied on to shift the burden from the United States, because that section applies only to a claimant of liquors in a proceeding to forfeit them, and not to the claimant of a vehicle in a proceeding to forfeit it. The specific intent to defraud may, however, be shown, and generally must be shown by circumstances. 12 Cyc. 152, 153, 179, 180. Where the natural and probable result of acts intentionally done is to defraud, an intent to defraud is to be presumed; but the presumption may be rebutted by showing the actual absence of such intent. This was held in applying, in a criminal trial, a statute in which the specific intent to defraud was made an element of the offense. Agnew v. United States, 165 U. S. 36, 50, 17 S. Ct. 235, 41 L. Ed. 624.

[8] In the present case the whisky was subject to a tax of $6.40 per gallon, and to seizure for its nonpayment. Any concealment of it or removal of it, with this knowledge, from the place of production, or other place where it was liable to be seized, with no intention to pay the taxes, would presumptively be done to defraud of the taxes, for that would be the necessary consequence of the act. If one knows the tax on whisky is due and unpaid, and not intending to pay it, yet assists in passing the whisky on to a consumer, he must intend to assist in defrauding of the tax. But this imputation of fraudulent intent is not final, for another intent consistent with fair dealing may possibly be shown. If, for instance, it should be proved that the buyer had no cause to believe that the tax was unpaid, or knowing it to be unpaid that the liquor was concealed to escape thieves, or removed because of threatened destruction by fire, and that it was intended to pay the tax before final disposition of the liquor, innocence would be established. Where the seller or remover is not the distiller who owes the tax and who must know whether or not it has been paid, the inference of fraudulent intent is less obvious; but since the liquors are seizable for nonpayment anywhere and in any one's hands, any person interested in them has the same sort of motive for concealing or removing them, when he knows the tax to be unpaid, as the distiller has, who personally owes the tax. Before national prohibition, removal or concealment with knowledge that the tax was unpaid showed with great certainty an intent to avoid the tax, for no other motive could usually be assigned. The additional motive for concealment and removal raised by the Prohibition Act, although it may be more prominently in the mind, does not exclude the inference of an intent also to defraud of the tax, where there is knowledge that it is owing and no intent to pay appears. Concealment of imported goods on which a heavy tariff is known to be due would not be excused under R. S. § 3450, because the goods in addition were stolen and there was also an intent to escape detection in the theft. There is here no direct evidence of actual intent, good or bad. It is fair to infer that the persons using the car were taking part by wholesale in the general traffic of producing,

transporting, and selling liquors in defiance both of the Prohibition and Revenue Laws, and that the intent to avoid both punishment and tax was present in all who knowingly participated in it.

[9] The circumstances in this case justify and require condemnation of this car. The innocence of the claimant does not save it. Goldsmith-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376.

Judgment may be taken accordingly.