**UNITED STATES v. ONE FIVE-TON FEDERAL TRUCK (FEDERAL MOTOR TRUCK SALES CORPORATION, Claimant).**

Circuit Court of Appeals, Third Circuit.
April, 1928.

No. 3742.

1. Internal Revenue ⊙⟶46—Law concerning seizure and forfeiture of distilled spirits and recovery by owner held inapplicable to forfeiture of vehicle (26 USCA §§ 266, 327). ·

Rev. St. §§ 3289, 3333 (26 USCA §§ 266, 327; Comp. St. §§ 6030, 6130), concerning seizure and forfeiture of distilled spirits and their recovery by the owner, held inapplicable to case where government is seeking forfeiture of vehicle in which liquor had been deposited and concealed, and where no one was claiming liquor.

2. Internal revenue ⊙⟶13—Liquor made for beverage purposes in violation of law is subject to tax (National Prohibition Act, tit. 2, § 35 [27 USCA § 52]).

Intoxicating liquor, though made for beverage purposes in violation of National Prohibition Act, is subject to tax under title 2, § 35 thereof (27 USCA § 52).

3. Internal revenue ⊙⟶46—Abandoned truck, containing beer without stamps indicating payment of tax, held not subject to forfeiture under revenue laws (26 USCA §§ 523, 1181, 1182).

Abandoned truck, containing beer without stamps indicating payment. of tax, held not subject to forfeiture under Rev. St. §§ 3450, 3352 (26 USCA §§ 523, 1181; Comp. St. §§ 6159, 6352), since presence of liquor in a form which, under circumstances, cannot disclose it to be tax-unpaid, does not raise a presumption of intent to defraud the United States of tax, which is essential element in order to authorize forfeiture.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; William H. Kirkpatrick, Judge.

Libel by the United States against one five-ton federal truck, claimed by the Federal Motor Truck Sales Corporation. Decree of dismissal, and the United States appeals. Affirmed.

George W. Coles, U. S. Atty., and E. Washington Rhodes, Asst. U. S. Atty., both of Philadelphia, Pa.

Thomas F. Mount and Joseph·W. Henderson, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Prohibition officers going in one direction on the ·public highway between Easton and Doylestown, Pennsylvania, passed an ordinary closed Federal truck traveling in the opposite direction. On returning, they found the truck stuck in the mud and abandoned. An examination of its contents disclosed 100 half-barrels of beer which on analysis showed about 4 per cent. alcohol. The barrels carried no stamps indicating that the tax on the beer had been paid. The officers then seized the truck. As the driver was not discovered and prosecuted, the government was not able to proceed against the truck under the National Prohibition Act (27 USCA). Therefore it resorted to the Internal Revenue Law

and filed this libel for the forfeiture of the truck under section 3450, R. S. (USCA tit. 26, § 1181 [Comp. St. § 6352]), averring that the Prohibition Director had seized it when "in the possession of one party unknown (though at the hearing the government proved it was in the possession of no one) which truck at that time was being used for the purpose of depositing and concealing certain illicit distilled liquors (proved at the hearing to be malted liquors) on which the tax imposed by law had not been paid, with intent in him, the party unknown, to defraud the United States of such taxes in violation of the terms of the Internal Revenue Act," and praying that the truck be forfeited in accordance with the cited section of the Revised Statutes, that "Whenever any goods * * * in respect whereof any tax is or shall be imposed * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, * * * every * * * conveyance" used for any of the three purposes named shall be forfeited.

The Federal Motor Truck Sales Corporation claimed the truck under a breached contract of lease, disclaiming knowledge of its alleged unlawful use.

As the only facts proved at the hearing were, with one exception, those we have stated, the government found itself without any evidence to sustain the essential averment of its libel that the liquor had been deposited and concealed in the truck "with the intent in him, the party unknown, to defraud the United States" of taxes. Thereupon the government turned to sections 3289, 3333, and 3352, R. S. (26 USCA §§ 266, 327, 523; Comp. St. §§ 6030, 6130, 6159).

[1] The first two sections concern the seizure and forfeiture of distilled spirits and their recovery by the owner. They are clearly not applicable to this case where the government is seeking the forfeiture not of liquor but of a vehicle in which liquor had been deposited and concealed and where no one is claiming the liquor.

Section 3352, R. S., deals with the seizure and forfeiture of fermented liquor upon which the tax has not been paid, but it provides that "the absence of the proper stamps from any * * * vessel containing fermented liquor, after its sale or removal from the brewery where it was made, * * * shall be notice to all persons that the tax has not been paid thereon, and shall be prima facie evidence of the nonpayment thereof." On this provision of the section last cited the government mainly relied to prove intent

on the part of some one to defraud the United States of the tax and now raises two questions which it frames as follows:

1. Was the illegal possession of intoxicating liquor in half-barrels, bearing no stamps indicating payment of the required tax, at a place removed from the place of manufacture, presumptive evidence that the tax was unpaid?

2. Was the concealment of tax-unpaid liquor in the truck presumptive evidence of an intent to defraud the government of the tax thereon?

[2] Sections 3352 and 3450, R. S., were enacted long before the passage of the National Prohibition Act and related generally to violations of revenue acts by the unlawful handling of lawfully made liquor. As intoxicating liquor, though made for beverage purposes in violation of the National Prohibition Act, is subject to tax, National Prohibition Act, title 2, section 35 (27 USCA § 52) United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, we shall assume without deciding that these sections may, pari ratione, apply equally to the seizure and forfeiture of unlawful liquor and of a vehicle unlawfully concealing it when the tax has not been paid, and that they may also apply to the presumption of intent to defraud the government of the tax arising from the absence of stamps which, if present, would show the tax had been paid,—if these revenue provisions have not been annulled by subsequent federal legislation or governmental action.

Section 35 of title 2 of the National Prohibition Act, providing for and dealing with the taxation of unlawfully made liquor, reads:

"No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale. * * *"

At the trial of this case the government proved that, whether to conform to this statutory provision or for some other purpose, it no longer issues revenue stamps for beer. In view of the provision of the National Prohibition Act last cited and of the action of the government in conforming to the provision, we are inclined to reframe its questions in this wise:

Does the fact that barrels do not bear stamps indicating that the tax on their contents has been paid, when the statute no

longer requires and the government no longer issues such stamps, raise a presumption that the tax has not been paid?

The government in support of its position cited United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, which. is reviewed in the later case of Commercial Credit Co. v. United States, 48 S. Ct. 232, 72 L. Ed. ——. In neither case was the question of intent to defraud the government of a tax, to be inferred from the concealment of what afterward proved to be tax-unpaid liquor, or the question of whether unstamped liquor is presumptive evidence that the tax has not been paid, decided or considered. In these cases the Supreme Court, first carefully stating and limiting the questions involved, dealt with the essential distinctions between forfeitures of vehicles under section 26 of the National Prohibition Act (27 USCA § 40) and section 3450 of the Revised Statutes, and with the question whether under section 26 of the National Prohibition Act the government is barred from proceeding to forfeit the vehicle under section 3450, R. S. While these decisions are not here applicable, the opinion in the former case is helpful in what we regard to be a declaration by the Supreme Court that before a vehicle can be forfeited under the Internal Revenue Act the intent to defraud the United States of a tax on concealed tax-unpaid illicit liquor must be proved. In this regard the court said:

"If the intent to defraud the United States of a tax is established by any competent evidence, the use of the vehicle for the purpose of concealment satisfies the requirement of section 3450. * * * Knowledge that liquor was illicitly distilled may tend to prove knowledge that it was tax-unpaid. Removal or concealment of the liquor with such knowledge may tend to prove an intention to deprive the United States of the tax due thereon." 272 U. S. 321, 330, 47 S. Ct. 154, 157 (71 L. Ed. 279, 47 A. L. R. 1025).

But there is no evidence in the case at bar that any one connected with the truck had knowledge that the liquor was illicitly brewed.

The mere presence of liquor in an abandoned vehicle, contained in barrels without stamps when stamps are not procurable, does not import knowledge that the liquor was illicit or that the tax had not been paid, although, concededly, added circumstances may be such as to raise the inference of knowledge and of the accompanying intent, but the circumstances must be proved as facts and must be of a character that will sustain the inference. In this case there is no evidence of knowledge of anything beyond the fact that unlawful liquor was there, and in a form and under circumstances from which no one could then tell whether the liquor was lawful or unlawful or whether the tax had or had not been paid. [3] The offense denounced by the Internal Revenue Act is the concealment of liquor with intent to defraud the United States of a tax. As in criminal law, it contains two elements, an act and an intent. Both must be present. When both are present and cooperate the offense is complete wholly without regard to whether or not the United States has actually been defrauded of the tax. The intent therefore is the essence of the offense and like the essentials of a crime it must be proved. We cannot hold that the presence of liquor, in a form which in the circumstances cannot disclose it to be tax-unpaid, raises a presumption of the requisite intent in lieu of proof by competent evidence. United States v. One Ford Coupé, 272 U. S. 321, 330, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Dukes v. United States (C. C. A.) 275 F. 142, 148; Hester v. United States (C. C. A.) 284 F. 487, 488; United States v. One Kissel Touring Automobile (D. C.) 289 F. 120, 122; United States v. One Bay State Roadster (D. C.) 2 F.(2d) 616, 622; United States v. One Marmon Automobile (D. C.) 5 F.(2d) 113, 115. Contra, United States v. One Cadillac Automobile (D. C.) 292 F. 773; United States v. One White One-Ton Truck (D. C.) 4 F.(2d) 413.

As there concededly is no such evidence in this case and as we have not found any presumption which the law supplies in place of such evidence, the decree of the District Court dismissing the libel must be affirmed.