## UNITED STATES v. C. I. T. CORPORATION.

Circuit Court of Appeals, Third Circuit.
March 11, 1929.

No. 4004.

George W. Coles, U. S. Atty., and E. Washington Rhodes, Asst. U. S. Atty., of Philadelphia, Pa.

Edwin Fischer and Rose & Fischer, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and JOHNSON, District Judge.

BUFFINGTON, Circuit Judge. In the court below the government filed a libel to forfeit an automobile under the provisions of section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182), which provides: "Whenever any goods * * * whereof any tax is or shall be imposed, * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax * * * all such goods * * * shall be forfeited; and in every case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, * * * and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited." The court below held against the libel, and from a decree dismissing it this appeal was taken.

The facts disclosed by the proofs showed that about two o'clock on the morning in question two federal agents driving in an automobile on the public highway, met a covered truck driven at high speed in the opposite direction. They turned and followed the truck, eventually overtook it, called to the men in the truck that they were federal officers, and asked them to stop. The latter refused to do so and said they would run down the officers' car if they did not get out of the way. The officers then followed the truck into Mahoney City, where it sought

to elude them by doubling around different streets, but finally ran into a blind alley, where it could go no further. Thereupon the men jumped from the truck and escaped in the darkness. The truck was seized by the officers and was found to contain 20 half barrels of beer of more than one-half of 1 per cent. of alcohol, on which were no labels or revenue stamps.

The collector of internal revenue testified that for the past six years no tax on beer of such alcoholic contents had been paid in this district, and an officer of the Prohibition Department proved no permit had been granted to remove high power beer from the place of manufacture. It was also shown that by the Revenue Act of 1918 (40 Stat. 1057) beer of this character is subject to a tax of $6 per barrel; [1] that under the regulations of the Internal Revenue Department the barrels were required to be labeled with the name of the maker and date of manufacture; [2] and that where such beer is removed to a place other than to a dealcoholizing plant the tax of $6 per barrel had to be paid. [3]

Such being the situation, was there ground for forfeiture? The lower court felt the case was governed by the decision by this court reported in U. S. v. One Five-Ton Federal Truck, 25 F.(2d) 788. The pertinent gist of that case is aptly summed up in the third syllabus as follows: "Abandoned truck, containing beer without stamps indi-

[1] Section 608 of the Revenue Act of 1918 (40 Stat. 1109) provides: "That there shall be levied and collected on all beer, lager beer, ale, porter, and other similar fermented liquor, containing one-half of 1 per centum, or more, of alcohol, brewed or manufactured and hereafter sold, or removed for consumption or sale, within the United States, by whatever name such liquors may be called, in lieu of the internal-revenue taxes now imposed thereon by law, a tax of $6.00 for every barrel containing not more than 31 gallons, and at a like rate for any other quantity or for the fractional parts of a barrel authorized and defined by law, to be collected under the provisions of existing law."

[2] Regulations 2, section 1018: "All liquors produced at bonded wineries and breweries for sale to others for conversion into beverages as herein provided, must be labelled by the producer at the time of the manufacture to show the following: (1) Name of manufacturer; (2) Date of manufacture," etc.

[3] Regulations 2, section 1014: "Fermented liquors may be conveyed without payment of tax from the brewery where produced to a contiguous industrial alcohol plant or dealcoholizing plant; or, such liquors may be sold and removed to other than contiguous dealcoholizing or industrial alcohol plants upon payment of tax thereon at the rate of $6.00 per barrel."

cating payment of tax, held not subject to forfeiture under Rev. St. §§ 3450, 3352 (26 USCA §§ 523, 1181; Comp. St. §§ 6159, 6352), since presence of liquor in a form which, under circumstances, cannot disclose it to be tax-unpaid, does not raise a presumption of intent to defraud the United States of tax, which is essential element in order to authorize forfeiture."

There an abandoned truck containing beer was found on the highway, and this court held that this situation in and of itself did not establish the requirements of the statute, namely: (1) "Goods * * * whereof any tax is or shall be imposed;" (2) "are * * * concealed in any place;" (3) "with intent to defraud the United States of such tax." We accordingly held: "The mere presence of liquor in an abandoned vehicle, contained in barrels without stamps, when stamps are not procurable, does not import knowledge that the liquor was illicit, or that the tax had not been paid, although, concededly, added circumstances may be such as to raise the inference of knowledge and of the accompanying intent, but the circumstances must be proved as facts, and must be of a character that will sustain the inference. In this case there is no evidence of knowledge of anything beyond the fact that unlawful liquor was there, and in a form and under circumstances from which no one could then tell whether the liquor was lawful or unlawful, or whether the tax had or had not been paid."

As there noted, we here inquire whether the present case discloses circumstances, the lack of which was fatal in the reported case. The circumstances which were there lacking are shown in the present case, and that without opposing proof, namely, that the beer was subject to a tax of $6 per barrel; that the tax was not paid; that it was not labeled with the name of the producer or its date of production; that no permit had been issued for its removal. Taking, in addition to these proofs of the unlawful character of the truck load, the attending circumstances of its being driven at high speed in the darkness of past midnight, the disregard of the reasonable request of the government officers' that the driver stop, the declared purpose of the two men to run the officers' automobile down, their attempt to escape from the officers and their abandonment of the truck, which contained nothing but beer, when escape and further concealment were impossible, tended to prove an original purpose to conceal and carry off this beer, which was

unlawfully on their truck on the highway, and as a result of their acts to escape payment of tax thereon.

That which naturally follows and is the consequence of an act is chargeable as an intent in the mind of one who does the act. If the acts these two men were doing had succeeded, if they had eluded these officers of the government and escaped, tax of $6 per barrel imposed by section 608 would not have been paid by reason of such acts of theirs. Having meant that the beer should escape government surveillance, custody, and oversight, which made possible the collection of the tax, it logically follows that the intent to defraud the government of such tax is established. Our case in 25 F.(2d) 788, was rightly decided on its lack of facts and circumstances evidencing such statutory intent, and the present case is rightly decided on its facts and circumstances which do show the statutory "intent to defraud the United States of such tax."

The record will therefore be remanded, with instructions to reinstate the case and enter a decree of forfeiture.

WOOLLEY, Circuit Judge, dissents.

