## UNITED STATES v. ONE DODGE COUPÉ.

District Court, D. Massachusetts. October 8, 1929.

No. 4050.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., for the United States.

Shorey & Tiffin and Gregory D. Shorey, all of Boston, Mass., for defendant.

Harold R. Semple, of Providence, R. I., for claimant.

MORTON, District Judge. This is a "libel of information" under Rev. St. § 3450 (26 USCA § 1181), to forfeit a Dodge coupé alleged to have been used for concealing and removing distilled spirits with intent to defraud the United States of the tax thereon. A claim was made by the C. I. T. Corporation as owners of the automobile; and the case has been fully heard on oral and documentary evidence.

The facts are as follows: State officers noticed the car in question being operated in a suspicious manner. As they approached, the men in it ran away and were never identified or apprehended. The car was searched and was found to contain 20 gallons of distilled spirits. The present proceedings were thereupon instituted, and the C. I. T. Corporation appeared as claimant. The government admits that the plaintiff was and is the owner of the automobile in question and had neither knowledge nor reasonable cause to believe that it was to be used illegally. The question is whether upon such facts the interest of the innocent owner is subject to forfeiture, under the statute referred to.

In United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1075, it was held, by a bare majority of the court and against the view which had generally prevailed in the lower courts, that Rev. St. § 3450, was not superseded in cases of this character by National Prohibition Act, tit. 2, § 26 (27 USCA § 40). The case arose on a motion to quash the libel. No evidence was taken, and the question what constituted sufficient proof of "intent to defraud the United States of such tax" (Rev. St. § 3450) was not considered. It is said in the opinion that "the place from which the removal is made, and the special relation to the manufacturer or importer of him who used the vehicle, are of evidential significance only. Knowledge that liquor was illicitly distilled may tend to prove knowledge that it was tax-unpaid. Removal or concealment of the liquor with such knowledge may tend to prove an intention to deprive the United States of the tax due thereon. But with these questions we have no concern now. The case is here on review of a judgment of dismissal upon a motion to quash. Therefore, we must accept as true the allegations of the libel." Brandeis, J., 272 U. S. 330, 47 S. Ct. 154, 157.

Section 3450 is to be considered in the light of the conditions which existed when it was passed. At that time intoxicating liquor was heavily taxed; but it was as legal to transport it over the roads as wheat. The present day restrictions on the movement of liquor were then unknown. The section in question was designed, in aid of the tax laws, to prohibit the removal or concealment of liquor for the purpose of evading taxation. The intent to which the statute refers is an actual intent, which enters into the act of removal or transportation; it is, as the above quotation shows, a fact to be proved.

In the present case the liquor was outlawed property. To disclose it to government officers would have exposed it, not to taxation, but to immediate forfeiture. Those transporting it undoubtedly knew that it had not been taxed; but there is no evidence that their transportation of the liquor was undertaken with any thought or intent of thereby evading taxation. I do not think that such an intent is inferable from the facts shown. An intent to violate the prohibition law, which undoubtedly existed, is not the same thing as the special intent which this statute requires. There is no occasion to extend beyond its plain and rather narrow provisions this extreme section, the very validity of which is so deeply open to question. Under the National Prohibition Act, tit. 2, § 26, the

government has an adequate remedy for illegal transportation which safeguards the rights of innocent owners of property unlawfully used.

On all the evidence I find and rule that the intent to defraud the United States of the tax required under section 3450 is not proved.

Libel dismissed.