## UNITED STATES v. ONE GRAHAM BROS. TRUCK.

### No. 2161.

District Court, E. D. New York.
March 11, 1930.

Joseph G. Myerson, of New York City, for claimant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (J. Bertram Wegman, Asst. U. S. Atty., of New York City, and Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, of counsel), for the United States.

MOSCOWITZ, District Judge.

This action has been submitted for decision upon the pleadings and agreed statement of facts. It has been stipulated that a jury be waived.

The libelant seeks to forfeit one Graham Bros. truck pursuant to the provisions of section 3258 of the Revised Statutes (26 USCA § 281), which reads as follows:

"Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same with the collector of the district in which it is, by subscribing and filing with him duplicate statements, in writing, setting forth the particular place where such still or distilling apparatus is set up, the kind of still and its cubic contents, the owner thereof, his place of residence, and the purpose for which said still or distilling apparatus has been or is intended to be used; one of which statements shall be retained and preserved by the collector, and the other transmitted by him to the Commissioner of Internal Revenue. Stills and distilling apparatus shall be registered immediately upon their being set up.

Every still or distilling apparatus not so registered, together with all personal property in the possession or custody, or under the control of such person, and found in the building, or in any yard or inclosure connected with the building in which the same may be set up, shall be forfeited.  *  *  *"

By the Act of March 3, 1927, c. 348, § 4, 44 Stat. 1382, tit. 5 USCA 281c, section 3258 of the Revised Statutes was amended so that the rights, privileges, powers, and duties conferred upon the Commissioner of Internal Revenue relating to the enforcement of the Eighteenth Amendment were transferred to and conferred and imposed upon the Secretary of the Treasury, who was authorized to confer such rights, privileges, powers, and duties upon the Commissioner of Prohibition.

The C. I. T. Corporation, the claimant herein, holds by assignment a conditional sales contract on the automobile sought to be forfeited.

The sole question for determination is whether the place where the truck was found was in the yard or inclosure connected with the building in which the still was set up. The truck was lawfully seized on February 4, 1928, within this district, in the driveway of the premises No. 2277 East Second street, in the borough of Brooklyn. There was set up in the premises a certain unregistered still of the capacity of 500 gallons. The house upon said premises is a two-family house with a double garage, which was used by the tenants of the house. The driveway was used by the occupants of the house.

The still was set up in the cellar, and was in the possession, custody, and control of one Ignatio Scuderi, who occupied that part of the premises where the still was located. There were pipes leading from the cellar where the still was located into the garage in the rear of the premises, and within the garage at the end of the pipes there were hand pumps used for pumping alcohol from the still into the garage. In the garage there were found three 100-gallon mixing tanks and miscellaneous fittings, two 50-gallon drums of alcohol full, and one 50-gallon drum partly full, and pumps connected with the still in the basement of the house. In addition to the 500-gallon still completely set up, there was also found in the house a number of cans of alcohol, a 100-gallon condenser and one 100-gallon mixing tank.

At the time of the seizure, the truck sought to be forfeited was standing in the driveway in a position approximately in the

middle of said driveway, between the front of said house and the rear thereof. The truck was standing still, and was being loaded with drums of the type in which alcohol is usually transported and said drums were then loaded in said truck, the persons loading them covering them over with building material. This was done in order to make detection difficult, if not impossible.

On February 21, 1928, Scuderi and others were indicted for the crime of violating section 3258 of the Revised Statutes of the United States, 26 USCA 281, and thereafter on or about March 22, 1928, Scuderi pleaded guilty to said indictment and was duly convicted and sentenced to pay a fine and to be imprisoned in the penitentiary.

It therefore appears that the occupant of the premises had in his possession, custody, and control an unregistered still, and that liquor was being manufactured and pumped into the garage, and that the garage and the said truck were being used in connection with the still and manufacture of illicit liquor.

It is contended by the claimant that the driveway leading to the garage was not a yard or an inclosure within the meaning of section 3258. The photographs in evidence as well as the stipulation show that it is an ordinary driveway leading to the garage of a two-family house, which was completely inclosed on three sides and which has the usual entrance leading from the street to the garage.

The truck was standing in the driveway which was a part of the premises used in connection with the illicit manufacture of liquor and was sufficiently inclosed to be an inclosure within the meaning of section 3258 of the Revised Statutes, and this driveway constituted a yard used in connection with the premises within the meaning of this section.

All personal property found in the building, or in the yard, or in the inclosure connected with the building in which an unregistered still is set up, is forfeitable under section 3258 of the Revised Statutes. The Supreme Court, in United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 247, 33 L. Ed. 555, said: "Personal property, by whomsoever owned, is thus included in the forfeiture, provided that it is in the possession, custody, or control of the distiller, *as well as found upon the premises.* There is no reason for giving a narrower construction to this enactment than to the second provision of section 16 of the act of 1875 [26 USCA § 306] above considered."

Decree for libelant forfeiting the truck. Settle decree on notice.

District Court, E. D. New York.
March 1, 1930.

Anderson, Phillips & Moss, of New York City (Louis J. Merrell, of New York City, of counsel), for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Edward Weinfeld, of New York City, for defendant Raives.