## UNITED STATES v. ONE FORD V-8 SEDAN, 1934 MODEL, etc.

### No. 1226.

District Court, E. D. Kentucky.

July 17, 1935.

Mac Swinford, Dist. Atty., of Cynthiana, Ky., for libelant.

Jacob S. Hermann, of Cincinnati, Ohio, for intervening petitioner.

FORD, District Judge.

This is a libel proceedings under section 3450 of the Revised Statutes of the United States (26 USCA §§ 1181, 1182) seeking forfeiture of a Ford V-8 sedan alleged to have been seized while being used by the owner in the unlawful removal, deposit, and concealment of distilled spirits

with the intent to defraud the United States of the tax imposed thereon by the Liquor Taxing Act of 1934 (48 Stat. 313).

Although Edward Crawford, the owner of the car, makes no defense, the right of forfeiture asserted by the government, under the facts alleged and stipulated, is vigorously disputed by the intervening petitioner, Lou Bauer, the holder of a chattel mortgage on the car.

On January 11, 1934, Congress passed the "Liquor Taxing Act of 1934" (48 Stat. 316, 26 USCA § 267 et seq.). This act provides, in substance, that (subject to certain exceptions not here material) no person shall possess any distilled spirits unless the immediate container thereof has affixed thereto a stamp evidencing payment of all Internal Revenue taxes imposed thereon, and it makes provision whereby a person desiring to place taxable distilled spirits into a container upon which a tax stamp is required, may purchase such stamps from the collector of internal revenue.

Section 3450 of the Revised Statutes, under which this libel proceeding is instituted, provides that 'every carriage or other conveyance, whatsoever, used in the removal' or for the deposit and concealment of goods, removed, deposited, or concealed with the intent to defraud the United States of any tax thereon, shall be forfeited.

The case is submitted upon a stipulation of facts which discloses that on the 22d day of September, 1934, an investigator of the Alcohol Tax Unit of the Bureau of Internal Revenue, arrested Edward Crawford and, at the time of his arrest, Crawford had in his charge and possession the automobile in question in which the officer found deposited about 36 gallons of whisky, upon the immediate container of which there was affixed no stamp as required by the Liquor Taxing Act of 1934. The stipulation further shows that said Crawford was indicted by the federal grand jury at Covington on the 18th day of October, 1934, on the charge of unlawfully, willfully, and feloniously having in his possession the said distilled spirits without the immediate container having affixed thereto the required stamps in violation of the Liquor Taxing Act of 1934. On October 18th, said Crawford entered a plea of guilty to that indictment and was sentenced thereunder. The stipulation further shows that the intervening petitioner, Lou Bauer, holds a duly recorded chattel mortgage upon said automobile, as set out in his intervening petition, upon which there is a balance due and unpaid of $465, with interest, and under the terms of which the default of the mortgagor entitles the mortgagee to the possession of the property. At the time of the taking of said mortgage, the intervener had no knowledge nor any reason to believe that said automobile would be used for any unlawful purpose, and his taking of said mortgage was in good faith and for a valuable consideration.

It is now established beyond question that if a vehicle be used for the removal, deposit, or concealment of unstamped distilled spirits so as to subject it to forfeiture under section 3450 of the Revised Statutes, the interests of innocent persons in the vehicle are not saved. The statute treats the vehicle as the offender. Goldsmith, Jr.–Grant Company v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

The intervening petitioner, however, earnestly insists that there is no showing in this case of an intent to defraud the United States of the tax within the meaning of Rev. St. § 3450.

By the plain terms of the forfeiture statute (Rev. St. § 3450), a specific intent to defraud is essential. The burden to establish such intent by competent evidence rests upon the United States. United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. Direct proof of specific intent to defraud, however, is not essential. Such intent may be and generally must be shown by circumstantial evidence and may be presumed or inferred from all the facts and circumstances as well as the conditions surrounding the transaction at the time it took place. It is axiomatic that the law presumes every man to intend the natural and obviously probable consequences of his own acts, and wrongful acts knowingly committed can neither be justified nor excused on the ground of innocent intent. Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624.

The problem presented, therefore, is whether the necessary inference or presumption of intent to defraud the United States of the tax upon the liquor found in

the car arises from the facts disclosed by the stipulation.

In support of his contention that these facts are insufficient to give rise to the presumption of intent to defraud, the intervener cites and relies upon several cases in which the driver of the car, sought to be forfeited under the statutes, had a small quantity of narcotics concealed on his person. The cases referred to are: United States v. One Kissel Touring Automobile (D. C.) 289 F. 120, United States v. One Studebaker Automobile (D. C.) 298 F. 191, and Cadillac Automobile Motor No. 61–D–476 v. United States (C. C. A.) 7 F.(2d) 102. In each of these cases, forfeiture of the vehicle was denied on the ground that the proof was insufficient to warrant a presumption of intent to defraud the government of the tax. They appear, however, to be clearly distinguishable from the case now under consideration.

In the Cadillac Automobile Case from the Sixth Circuit, Judge Denison clearly pointed out the difference between the statutes regulating the taxation of narcotics and the taxation of distilled liquors, one of which differences is that the duty as well as the power and authority to pay the tax on narcotics or to procure and affix the stamp on the container thereof is limited to an importer, manufacturer, producer, or compounder thereof. The facts in these narcotic cases failed to show that the user of the car was among the classes upon whom the duty to pay the tax or affix the stamp was imposed.

The insufficiency of the facts to authorize the presumption of intent to defraud, in these narcotic cases, is made more evident by the fact that the amount of the unpaid tax on the narcotics possessed by the driver of the car was only nominal, in some of the cases being only one cent. Of course, under such state of facts, it would be absurd, as the court said, to presume that the intent to defraud the government of only one cent entered into the transaction in any way whatsoever. In none of these narcotic cases was the amount of the tax involved sufficient to be material in reflecting the intent of the transaction.

The other cases cited and relied upon by the intervening petitioner involve facts showing that the evasion of the tax was merely incidental to the possession or transportation of liquor in violation of the National Prohibition Laws and in which the intent to violate the National Prohibition Act was obviously the only purpose or motive in the use of the vehicle for the deposit or concealment of the liquor. The cases referred to are: United States v. One Dodge Coupé (D. C.) 34 F.(2d) 942, United States v. One Reo Speed Wagon (D. C.) 5 F.(2d) 372, and United States v. One Five-Ton Federal Truck (C. C. A.) 25 F.(2d) 788. These cases seem to turn entirely upon the point that, as the National Prohibition Act (27 USCA) was then in force, the only obvious purpose and apparent intent inferable from surreptitious possession and transportation of illicit liquor was the purpose and intention to violate the Prohibition Law.

Perhaps, in most cases which arose during the days of national prohibition, the motive for concealment of illicit liquor in order to evade the penalties of the Prohibition Law was sufficient to exclude any inference of an intent to defraud the government of the tax which obviously was nothing more than incidental to the main purposes involved in the transaction.

Such could not be the case, however, at the time of the transaction here involved, when the National Prohibition Act was not in effect.

Unlike the Cadillac Automobile Case, supra, in which Judge Denison said that to presume or infer an intention to defraud the government of the tax merely from the fact of the possession of unstamped narcotics upon which the tax due was only one cent would be a "reductio ad absurdum," we have in this case 36 gallons of whisky on which the production tax is $6.40 per gallon, a total of $230.40, which, to say the least, was sufficient to materially affect the profits derived from traffic in such liquor. Such facts, not otherwise explained, seem to point with precision to the fraudulent purpose and motive behind the transaction.

In view of the 1934 Liquor Taxing Act, requiring the immediate containers of distilled spirits to be stamped and providing for the procurement of such stamps by the possessor of such containers, it would seem clear that the fact that distilled spirits found in the car did not have the stamps affixed is sufficient to charge the owner with knowledge that the tax on said liquor had not been paid. All implications of any other intent heretofore arising from the National Prohibition Laws having been re-

moved by the repeal of those laws, and taking into consideration all the facts and circumstances disclosed by the stipulation, in the absence of any countervailing facts, it seems not only fair, but necessary, to infer from all these facts and circumstances that the owner of the car was using it as a vehicle for deposit and concealment of unstamped liquor with the intention to defraud the United States of the tax thereon.

The circumstances of this case appear to clearly justify forfeiture of the car under section 3450, Rev. St., and the innocence of the intervening petitioner does not save it. General Motors Acceptance Corporation v. United States (C. C. A. 6) 40 F.(2d) 599.

A decree will be drawn and entered to conform to the views herein expressed.