680

## UNITED STATES v. ONE 1935 MODEL CHEVROLET COUPÉ AUTOMOBILE.

### No. 487.

District Court, W. D. Kentucky, at Paducah.

May 16, 1936.

Bunk Gardner, U. S. Atty., and Oldham Clarke, Asst. U. S. Atty., both of Louisville, Ky.

Roy G. Garrison, of Paducah, Ky., for claimant Semer Martin Fulks.

HAMILTON, District Judge.

This action is a libel by the United States against one 1935 model Chevrolet coupé automobile, motor No. 5354379, Kentucky license No. 534—854. The facts have been stipulated.

On February 5, 1935, agents of the Alcohol Tax Unit received reliable information that Semer Martin Fulks would subsequently make a delivery of moonshine whisky at 904 Jackson street, Paducah, McCracken county, Ky., to the home of Mrs. Josie Pennegar, and would be driving a Chevrolet coupé or sedan.

On February 15, 1936, said agents went to the above address and saw a Chevrolet coupé enter the alley directly to the rear thereof and drive to the rear of the building. The said Fulks got out of the car, and later passed near one of the agents with two jugs wrapped in paper sacks and entered the house, and a few minutes later came out with one jug in his hand. A one-gallon glass jug full of nontax-paid whisky was found in the car here libeled, and was seized by the federal officers. Fulks was arrested and the car seized. The agents found in the kitchen of Mrs. Pennegar's house on this occasion six and one-half gallons of nontax-paid spirits, and one dozen pint whisky bottles containing the strong odor of moonshine whisky.

Fulks was indicted on April 21, 1936, for the removal of, and deposit and concealment of, one gallon glass jug of untax-paid whisky, on which tax was due and payable under section 600 (a) of the Revenue Act of 1918 (40 Stat. 1105), as amended by title 1 of the Liquor Taxing Act of 1934, § 2 (26 U.S.C.A. § 1150 (a) (1), and contrary to section 3450 of United States Revised Statutes (26 U.S.C.A. § 1441), found guilty, and sentenced.

Fulks has filed an answer and claim in this action, seeking a remission or mitigation of the forfeiture, claiming to be the owner of the automobile, and denying that it was used at the time and on the occasion referred to in the libel with the intent to defraud the United States in the removal, deposit, or concealment of goods

or commodities on which a tax was imposed under the laws of the United States.

It is insisted by the claimant that the stipulated facts are insufficient to support a judgment of forfeiture under section 3450 of the Revised Statutes of the United States (26 U.S.C.A. § 1441). The cited act provides that, whenever any goods or commodities on which a tax is imposed are removed, deposited, or concealed in any vessel, boat, carriage, or other conveyance, with intent to defraud the United States of tax, such conveyances so used shall be forfeited to the United States.

The section of the statutes mentioned became a law in 1866, and has since its enactment been an integral part of the internal revenue laws of the nation. It is rooted in the necessities of the government to protect its revenues, and the principle enunciated therein is a graft of the law of Moses, "If an ox gore a man that he die, the ox shall be stoned and his flesh shall not be eaten."

■ When the vehicle is used with the intent and for the purpose laid down in the statute, it immediately becomes the property of the United States, but, before title vests, a judicial inquiry must be had. The vehicle is not forfeitable unless the user thereof had concealed in it taxable articles and at the time had a fixed intent to defraud the United States. If the intent is absent, no forfeiture occurs regardless of the use, but, if the intent be present and a loss results to the United States, the forfeiture occurs no matter how little the use.

■ The car, at the time it was seized in this action, had in it one gallon of moonshine or untax-paid liquor. The tax due and unpaid on it was $2. Intent is a state of mind, and may be shown by knowledge, belief, or conduct of the person implicated. The fact that the user of the car had in it nontax-paid liquor is some evidence that he intended to evade the payment of the tax, though, if the quantity were small, this might be overcome by the reasoning that he intended to consume the liquor, and the question of unpaid taxes did not influence him in its possession. It is therefore reasonable to assume that, when the amount due in taxes is small, mere proof of concealment in the car is insufficient to support forfeiture. Cadillac Automobile v. United States (C.C.A.) 7 F.(2d) 102; Commercial Credit Company v. United States (C.C.A.) 5 F.(2d) 1.

If nothing appeared in this case except the possession of one gallon of whisky, forfeiture would not be decreed. United States v. One Dodge Coupe (D.C.) 34 F.(2d) 942. However, other facts and circumstances may be taken into consideration to show the intent in the use of the car. The stipulated facts are that the agents of the government had reliable information that the claimant, Semer Martin Fulks, would, about the time the seizure was made, make a delivery of moonshine whisky at or near the place where the car was seized, and just a few minutes before the seizure he drove the car to the place of which the agents were informed, got out of the car, and later passed the agents with two jugs wrapped in paper sacks and entered the house; and a few minutes later came out with a jug in his hand. The officers did not see him take the jugs from the car or put the jug in it. Six and one-half gallons of untax-paid liquor were found in the kitchen of the house, and one dozen pint whisky bottles with a strong odor of moonshine whisky about them.

■ These facts, unexplained, together with the finding of liquor in the car, were sufficient to show an intent on the part of Fulks to use the car for the removal and concealment of liquor to evade the tax. The specific intent to defraud may be, and generally must be, shown by circumstances. United States v. One Marmon Automobile (D.C.) 5 F.(2d) 113; C. I. T. Corporation v. United States (C.C.A.) 44 F.(2d) 950; General Motors Acceptance Corporation v. United States (C.C.A.) 32 F.(2d) 121; United States v. One Ford (D.C.) 11 F.Supp. 515.

The claimant's petition will be dismissed, and decree of forfeiture ordered.