## UNITED STATES v. ONE REO TRUCK.

District Court, S. D. New York.

Oct. 31, 1938.

Lamar Hardy, U. S. Atty., of New York City (Earle N. Bishopp, Asst. U. S. Atty., of Middletown, N. Y., of counsel), for the United States.

Benjamin Kagan, of New York City, for claimant James Ward.

GALSTON, District Judge.

The Government seeks forfeiture of this automobile truck pursuant to the provision of Sec. 3450, U. S. Revised Statutes, Title 26, U.S. Code, Sec. 1441, 26 U.S.C.A. § 1441. At the trial the claimant, James Ward, at the conclusion of the Government's case, moved to dismiss the complaint for failure of proof.

It appears that the truck was seized by representatives of the Alcohol Tax Unit, Bureau of Internal Revenue, at 156th Street and Whitlock Avenue in the city of New York, and there were found in the truck 180 bags of sugar, 400 pounds of yeast, 182 five gallon tin cans, empty, and a 100 pound bag of urea, all shipped from the premises of the Metropolitan Sugar Company, at 470 Austin Place, New York City. The sugar and the cans were invoiced to one Frank Dolo of 180 Brown Place, Buffalo, New York. Investigation in connection with other invoices disclosing shipments from the Metropolitan Sugar Company to the same consignee at Buffalo, by government agents, had revealed that there was no Brown Place; and that Frank Dolo was not listed in either the city or the telephone directories. In reports of the Metropolitan Sugar Company, made to the district supervisor of the Alcohol Tax Unit Division, it appeared that thirteen such shipments had been made to Frank Dolo. On at least some of these occasions Ward, the claimant, was the driver of the truck. On August 2, 1937 an agent of the Alcohol Tax Unit interviewed the claimant in respect to the transportation of sugar made by him on July 21, 1937 and July 26, 1937. Ward informed the agent that it was his custom to take the sugar to Rensselaer, New York, at which place he met a man known as Frank Dolo, and there the load was transferred to an unidentified truck. The claimant was informed by the Government agent that the shipments were made under suspicious circumstances. Ward agreed on receipt of further orders to telephone the office of the supervisor before delivering the shipment, but he failed to do so.

On September 18, 1937, at about 6 P. M., the truck in question, bearing license No. 383389, backed into the loading platform of the Metropolitan Sugar Company. Somewhat later the truck, heavily loaded, left and proceeded north on Austin Place, followed by a Packard sedan. When the truck departed from the premises of the Sugar Company the license plate had been changed to one bearing the number 379499. The truck and the sedan were observed to stop at a gas station at Liggett and Whitlock Avenues. While at the gas station

the second license plate was removed from the truck and the original plate, No. 383389, was again affixed to the truck.

The United States chemist testified that all of the materials seized and found in the truck were proper and specially necessary in the manufacture of illicit alcohol and that the materials seized would make approximately 900 gallons of illicit alcohol; so that it is to some extent significant that there were found 182 empty five-gallon cans also on the truck.

Title 26, Sec. 1441, in part reads as follows:

*"Removal or concealment with intent to defraud the revenue.*

"(a) *Penalty.* Every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than $500. (R.S. § 3450.)

"(b) *Forfeiture*—(1) *Goods.* Whenever any goods or commodities for or in respect whereof any tax is imposed * * intended to be made use of for or in the making of such goods * * * are removed, or * * * concealed * * * with intent to defraud the United States of such tax * * * all such goods and commodities * * * shall be forfeited."

The claimant offered no evidence and maintains that the Government failed to establish a prima facie case for the forfeiture of the truck involved in this proceeding. He claims that there is no evidence adduced of any specific intent to defraud, citing U. S. v. One 1935 Model Chevrolet Coupé Automobile, D.C., 14 F.Supp. 680, and U. S. v. One Marmon Automobile, D.C., 5 F.2d 113. But in these cases intent was found and it was stated in U. S. v. One 1935 Model Chevrolet Coupé Automobile, D.C., 14 F.Supp. 680, that "The specific intent to defraud may be, and generally must be, shown by circumstances. United States v. One Marmon Automobile, D.C., 5 F.2d 113; C.I.T. Corporation v. United States, C.C.A., 44 F.2d 950; General Motors Acceptance Corporation v. United States, C.C.A., 32 F.2d 121; United States v. One Ford, D.C., 11 F.Supp. 515." [page 681.]

Indeed, in the second case relied upon by the claimant, U. S. v. One Marmon Automobile, D. C., 5 F.2d 113, it was said [page 115]: "Where the natural and probable result of acts intentionally done is to defraud, an intent to defraud is to be presumed; but the presumption may be rebutted by showing the actual absence of such intent. This was held in applying, in a criminal trial, a statute in which the specific intent to defraud was made an element of the offense. Agnew v. U. S., 165 U.S. 36, 50, 17 S.Ct. 235, 41 L.Ed. 624."

Now while it is true, as the claimant argues, that in many cases in which forfeiture was granted, the seized truck was found backed near the door of a building in which a still was found, as in U. S. v. One Graham Bros. Truck, D.C., 39 F.2d 141; U. S. v. One Ford Truck, D. C., 46 F.2d 176; U. S. v. One Ford Truck, D.C., 3 F.Supp. 283; U. S. v. One Ford Truck, D.C., 3 F.Supp. 286; and U. S. v. One 1935 Model Chevrolet Coupé Automobile, D.C., 14 F.Supp. 680, yet the presence of a still is only one circumstance and these cases do not hold that to justify forfeiture the existence of a still need be shown.

It would seem that the inevitable inference to be drawn from all the circumstances in this case hereinbefore recited is that the commodities were to be used for the manufacture of illicit alcohol —otherwise why the name in these various invoices of a fictitious person, a false address, always commodities the combined use of which was intended for but one purpose, the manufacture of alcohol; the significant exchange of license plates on the truck in question, the mysterious delivery at Rensselaer instead of Buffalo? *It is* possible to conceive that the sugar could have been used for a proper purpose and, indeed, that the other commodities could have been used for a proper purpose, but the conjoint presence of these commodities with the significant empty cans in addition to the other circumstances related, dispel any reasonable presumption of an innocent or lawful use of these materials.

The motion to dismiss the libel is accordingly denied. A decree of forfeiture will be entered in favor of the libellant. Submit findings.