## UNITED STATES v. GOLD et al.
### No. 1276 c.

District Court, D. New Jersey.
Jan. 29, 1944.

Thorn Lord, of Trenton, and Charles A. Stanziale, of Newark, for the Government.

Samuel Cohen, of Newark, for Alcohol Tax Unit.

Harold Simandl, of Newark, for defendants.

MEANEY, District Judge.

This is a motion to quash an indictment returned by the Grand Jury for the District of New Jersey at the November, 1942, term thereof, against Sol Gold, Benjamin Gold, and the Gold Seal Liquor Co., a corporation of the State of New Jersey. The first two counts charged that the defendants concealed liquors subject to the payment of floor stocks taxes with the purpose of defrauding the United States of such taxes in violation of Section 3321 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3321. The third count charged them with attempting to evade the payment of taxes on wines in violation of Section 3043 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3043. The fourth count charged them with filing a false return in violation of Section 3616 (a) of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 3616(a), and the fifth count charged evasion of the payment of floor stocks taxes on liquors under Section 3173(b) (2) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3173(b) (2).

The defendants, in support of their motion to quash the indictment, urge six points, each of which will be considered separately.

It is urged in their behalf that counts 1 and 2 of the indictment are fatally defective because they fail to allege that the tax on the goods and commodities was unpaid. Section 3321 of the Internal Revenue Code reads as follows: "(a) Penalty. Every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine of not more than $5,000 or be imprisoned for not more than 3 years, or both." That section of the statute makes concealment with intent to defraud the government of a tax the gravamen of the offense. The question of the actual nonpayment of the tax is not involved. So that the material element of the charge is concealment to avoid payment of the tax, and that is competently alleged in the indictment.

It happens in this case that the tax actually was paid in full by February 1, 1943, which was the outside date at which taxes had to be paid. It may be well to note in passing, that such payment was made after discovery and denunciation by agents of the government of the alleged concealment. What significance that may have ultimately will resolve itself into a matter for consideration of a jury, should the indictment come to trial. But the fact of such payment in no wise negatives the possibility of the presence of the elements of the crime charged. As was said by Judge Woolley in the case of United States v. One Five-Ton Federal Truck, 3 Cir., 25 F.2d 788, at page 790: "The offense denounced by the Internal Revenue Act is the concealment of liquor with intent to defraud the United States of a tax. As in criminal law, it contains two elements, an act and an intent. Both must be present. When both are present and cooperate the offense is complete wholly without regard to whether or not the United States has actually been defrauded of the tax. The intent therefore is the essence of the offense and like the essentials of the crime it must be proved."

Defendants urge as their second point that Section 3321 of the Internal

Revenue Code does not contemplate a prosecution for a concealment which is committed prior to the date when the tax has actually accrued against the goods and commodities. They then contend that no tax had actually accrued against the goods in question until February 1, 1943, and that therefore, since the concealment is alleged to have taken place between November 1, 1942 and January 26, 1942, the indictment fails to charge a crime.

The Revenue Act of 1942, § 604(c), 26 U.S.C.A. Int.Rev.Code, § 3193, imposed a "floor stocks tax" on certain types of wines and liquors which were held for sale by dealers on November 1, 1942, and on which a tax had previously been paid. The Revenue Act further provided that such tax was payable on or before Feburary 1, 1943. With these provisions in mind, it is difficult to determine how the defendants arrive at the conclusion that the tax had not been "imposed" until February 1, 1943, merely because that was the last date set on which payment should be made, though provision was made for payment of the tax at any time prior to February 1, 1943. It is contradictory to assume that taxes are due and payable only when they are "imposed" and at the same time to assert that they are not "imposed" when payable. The tax was to be paid on stocks as held on November 1, 1942. Patently, liability for the tax attached at that time. That an outside date for payment of the tax was set some two months later, does not mean that the imposition of the tax was delayed until that time. It simply meant that a period of what has been termed "grace and convenience" was allowed to the person against whom the tax was charged. No specific act was essential for the "imposition" of the charge other than the operation of the statute which ma'de November 1, 1942, the effective date of establishment of liability. Any subsequent concealment of the stocks. with intent to defraud the government of the tax, even though it were discovered and the tax paid before the outside date for payment thereof, would constitute a violation of the statute. The recently decided case of Auerbach v. United States, 6 Cir., 136 F.2d 882, fully supports this position. In that case, which concerned the floor stocks tax provisions of the 1941 Internal Revenue Code, the inventory was due on October 1, 1941, and the payment of the tax was deferred until January 1, 1942. On October 2, 1941, the defendants were found to have concealed a quantity of liquor in order to avoid payment of the floor stocks taxes. They were indicted, tried and convicted, and the Appellate Court, in sustaining their conviction, said on page 883 of 136 F.2d: "The tax was payable on all spirits on hand October 1, 1941, and the return was to be filed and the tax paid on January 1, 1942. In aid of its collection, regulations were issued by the Commissioner of Internal Revenue requiring dealers to make an inventory of all liquors they had on hand on October 1, 1941. It was in connection with this inventory that the alleged concealments were ma'de."

■ The defendants in their third point state that the Government cannot split up a single offense of concealment and prosecute it in parts, and demand that the Government elect between Count 1, which charges the concealment of distilled spirits, and Count 2, which charges the concealment of wines. This contention is defeated by the fact that Congress has distinguished distilled spirits from wines. The two are taxed separately, at different rates, in different sections of the Internal Revenue Code. If upon the trial of the issues it is proven that there was a concealment of distilled spirits and also a concealment of wines, then two separate crimes would seem to have been substantiated.

■ Defendants maintain that Count IV of the indictment does not charge an offense under Section 3616(a) of the Internal Revenue Code, and make much of the fact that the indictment charges an intent to defeat the "tax to be made" whereas the statute denounces an intent to defeat the "assessment" to be made. The indictment charges crime substantially in the language of the statute, and fully informs the defendants of that with which they are charged. That is all that is necessary. The contention that the indictment is defective "in that it fails to charge that the defendants 'knowingly' filed such false return", is untenable in view of the language of the indictment which charges the defendants with "wilfully, unlawfully, and feloniously" violating the statute. Such words necessarily imply an allegation of knowledge, for without knowledge the act denounced would be neither unlawful nor felonious.

■ In Point V of their attack upon the indictment, defendants contend that

the indictment is defective in that it charges an attempt to evade "payment" of the tax, whereas what the statute denounces is an attempt to evade any "tax". This seems to the Court to be a frivolous distinction, deserving of no other comment.

The remaining points taken by defendants have for the most part been discussed above. All have been considered and found to be without merit.

The motion to quash the indictment will be denied.